**Ex parte Ronald David HUGG.**

No. 07–82–0132–CR.

Court of Appeals of Texas,
Amarillo.

July 13, 1982.

Discretionary Review Refused
Sept. 22, 1982.

Bruce Sadler, Amarillo, for appellant.

Randall L. Sherrod, Crim. Dist. Atty., John L. Davis, Asst. Crim. Dist. Atty., Canyon, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

By this appeal from an order denying habeas corpus relief, appellant contends that a $16,000 appeal bond is excessive. We affirm.

Appellant was convicted of burglary of a habitation and his punishment, eight years in the penitentiary and a $600 fine, was probated. The appeal bond in question was set after his probation was revoked for escape, public intoxication, consumption of alcoholic beverages and another burglary of a habitation. The escape occurred after appellant had been convicted of unauthorized use of a motor vehicle and that conviction, pending at the time of the habeas corpus hearing, was later affirmed. *Hugg v. State*, no. 07–81–0256–CR (decided 6/23/82 not published).

Appellant presented evidence at the habeas corpus hearing that he, his mother and his father had contacted professional bondsmen, but could not afford the premium required for a $16,000 bond. Appellant, a lifelong resident of Amarillo, testified that he believed his parents could hire a bondsman if the bond were reduced to $5,000, and that he probably would have a job if he could get out of jail.

In this court, appellant must convince us that the trial court abused its discretion by setting an excessive appeal bond. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Cr.App.1981). Apparently, there are no precise appellate standards for reviewing appeal bonds, see e.g., *Ex parte Kerr*, 549 S.W.2d 6 (Tex.Cr.App.1977) but we are guided by the rules established by Tex.Code Cr.Pro.Ann. art. 17.15 (Vernon 1977) for

fixing the amount of bond. *Ex parte Pemberton*, 577 S.W.2d 266, 267 (Tex.Cr.App. 1979). Other factors to be considered include: (1) the length of the sentence, (2) the nature of the offense, (3) the appellant's work record, family ties and length of residency, (4) his ability to make the bond, (5) his conformity with previous bond conditions, (6) other outstanding bonds against him, (7) aggravating factors involved in the offense, *Ex parte Rubac*, 611 S.W.2d 848, 849–850 (Tex.Cr.App.1981), and (8) his criminal record. *Ex parte Gomez*, 499 S.W.2d 158, 159 (Tex.Cr.App.1973).

When we apply the foregoing tests to this record we are satisfied the trial court did not abuse its discretion. Although appellant is a lifelong resident of the community and financially unable to make the $16,000 bond, those facts do not counterbalance the length of his sentence, the nature of his offense, his demonstrated inability to comply with the responsibilities he assumed when placed on probation and his criminal record.

The order denying habeas corpus relief is affirmed.