**Paul Bradley WOLFF, Relator,**

v.

**The Hon. Jimmie THORNTON, Respondent.**

**No. 01–84–0216–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 11, 1984.

Travis E. Kitchens, Jr., Evans & Kitchens, Groveton, for relator.

Joe Bell, Mike Driscoll, County Attys., Roderick Q. Lawrence, Asst. County Atty., Groveton, for respondent.

Before EVANS, C.J., and WARREN and BULLOCK, JJ.

## OPINION

EVANS, Chief Justice.

Relator seeks writs of mandamus and prohibition to compel the Honorable Jimmie Thornton, Judge of the County Court of Trinity County, to transfer the proceedings in trial court cause No. 14,003, styled *The State of Texas v. Paul Bradley Wolff,* to the District Court of Trinity County pursuant to Tex.Code Crim.Pro.Ann. art. 4.17 (Vernon Supp.1984).

In light of our decision in *Allen v. Guarino,* 635 S.W.2d 129 (Tex.App.—Houston [1st Dist.] 1981, no writ), we must first address the issue of whether we have the authority to issue a writ of mandamus in a criminal case. In *Allen,* we held that the courts of appeals were not authorized to issue writs of mandamus except when necessary to enforce their own jurisdiction, Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964), or to compel a judge of the district or county court to proceed to trial and judgment in a cause. Ch. 33, sec. 1, 1929 Tex.Gen.Laws 68, *amended by* ch. 839, sec. 3, 1983 Tex.Gen.Laws 4768 (former Tex. Rev.Civ.Stat.Ann. art. 1824).

■ The courts of appeals have "such other jurisdiction, original and appellate, as may be prescribed by law." Tex. Const. art. V., sec. 6. Since our decision in the *Allen* case, the legislature amended Tex. Rev.Civ.Stat.Ann. art. 1824 (Vernon Supp. 1984), effective June 19, 1983, with regard to the jurisdiction of the courts of appeals, so that "[s]aid Courts or any Justice thereof, in vacation, may issue all writs of Mandamus agreeable to the principles of law regulating such writs, against any Judge of a District or County Court." The statute contains no language limiting our mandamus jurisdiction to civil cases. Thus, our jurisdiction over causes subject to mandamus relief has been expanded such that it is virtually the same as that of the Supreme Court of Texas and the Court of Criminal Appeals. We find that under art. 1824, the courts of appeals have jurisdiction to issue writs of mandamus in criminal cases.

The question then becomes whether the instant situation is appropriate to the invocation of our mandamus authority. Relator has asked that we compel County Court Judge Thornton, who is not an attorney, to transfer a case pending in his court, charging relator with driving while intoxicated, to the District Court of Trinity County. Relator relies on Tex.Code Crim.Pro.Ann. art. 4.17 (Vernon Supp.1984). In effect, relator is asking us to decide which court shall take jurisdiction of this criminal matter.

Mandamus has been held to be an appropriate remedy to settle jurisdictional questions in criminal as well as civil matters. *See Knowles v. Scofield*, 598 S.W.2d 854 (Tex.Cr.App.1980); *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974); *Winfrey v. Chandler*, 318 S.W.2d 59 (Tex.1958); *Fassy v. Kenyon*, No. 01–84–0042–CV (Tex.App.—Houston [1st Dist.], Feb. 23, 1984, not yet reported).

In *Texas Department of Corrections v. Dalehite*, 623 S.W.2d 420 (Tex.Cr.App. 1981), the Court of Criminal Appeals has held that there are two instances in which mandamus will *not* issue in criminal cases: (1) mandamus is not available to compel a discretionary act, as distinguished from a ministerial act. *White v. Reiter*, 640 S.W.2d 586 (Tex.Cr.App.1982); *Ordunez, supra;* and (2) mandamus is not available if petitioner has an adequate remedy at law, *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr.App.1979); *State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr.App.1978).

 Relator urges that Tex.Code Crim. Pro.Ann. art. 4.17 (Vernon Supp.1984) is mandatory, and that the county court has no discretion except to effect the transfer to the district court. Alternatively, he argues that, even if the language of the statute is discretionary, the county court abused its discretion in refusing his request for transfer pursuant to the statute. In his second contention, relator relies on *Womack, infra,* and other civil cases.

Tex.Code Crim.Pro.Ann. art. 4.17 provides:

On a plea of not guilty to a misdemeanor offense under Article 67011–1, Revised Statutes, entered in a county court of a judge who is not a licensed attorney, on the motion of the state or the defendant, the judge *may* transfer the case to a district court having jurisdiction in the county or to a county court at law in the county presided over by a judge who is a licensed attorney. The judge *may* make the transfer on his own motion. Tex. Code Crim.Pro.Ann. art. 4.17 (Vernon Supp.1984) (emphasis added).

We hold, contrary to relator's argument, that the language of the statute in question is not mandatory, and that relator's application fails to meet the second requirement set forth in *Texas Department of Corrections v. Dalehite, supra.* There is no language in the statute indicating an intent on the part of the legislature to create an absolute right of transfer, and to the contrary, the legislature's use of the word "may" reflects an intent to leave the question of transfer to the discretion of the county court judge.

 The relator's contentions with respect to the denial of constitutional right to due process and equal protection were earlier advanced and rejected in *Ex parte Ross*, 522 S.W.2d 214 (Tex.Cr.App.1975). *See also North v. Russell*, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976). Thus, there is no mandatory requirement that relator's trial be conducted by a judge who is a licensed attorney. *Ex parte Ross, supra.* The purpose of a writ of mandamus is to compel the performance of a ministerial, as opposed to a discretionary duty, and a writ of mandamus is not a proper remedy in this case. See *Kopeski v. Martin*, 629 S.W.2d 743 (Tex.Cr.App.1982).

Relator's application is denied.