**Ex parte Michael Dewayne STEARNES.**

**No. 07–88–0148–CR.**

Court of Appeals of Texas,
Amarillo.

Oct. 4, 1988.

Rehearing Denied Nov. 8, 1988.

Carlton McLarty, Lubbock, for appellant.

Travis S. Ware, Criminal Dist. Atty., Michael West, Asst. Criminal Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

On a prior appeal, we ordered that reasonable bail be set for appellant Michael Dewayne Stearnes, who had been denied bail after being indicted for capital murder, because the State failed to show that the proof is evident. *Ex parte Stearnes*, 752 S.W.2d 621 (Tex.App.—Amarillo 1988, no pet'n). Upon remand, the trial court set bail in the amount of $250,000, and appellant has again appealed.

Appellant contends, with two points of error, that the trial court abused its discretion by setting bond in the amount of $250,-000 when the evidence shows (1) the amount is excessive, and (2) the State was not ready for trial. Although appellant argues the amount of the bond should be substantially reduced, the actual relief for which he pleads is a personal recognizance bond. For the reasons to be stated, we will not disturb the trial court's order for bail.

Appellant is one of four persons separately indicted for the capital offense of intentionally and knowingly murdering three people during the same criminal transaction occurring in Lubbock on or about 10 September 1987. Tex.Penal Code Ann. § 19.03(a)(6)(A) (Vernon Supp.1988). As the record on the question of bail is constituted, his culpability depends upon the testimony of Anita Hanson, a witness whose alleged complicity in the offense, if any, is yet to be determined. The testimony of Hanson makes a complete case of capital murder against appellant, showing his presence at the deliberate planning of the multiple drug-related murders, a coordinated action of preparation and execution of the plan, his shooting of two of the three people killed, the absence of duress compelling his actions, and his presence when Hanson was informed she would be killed if

she told anyone. *Ex parte Stearnes*, 752 S.W.2d at 623–25.

At the hearing resulting in the order of bail underlying this appeal, appellant developed through witnesses other than himself that he is a 27 year old father of two small boys, has never been gainfully employed, is without assets of any kind, and resided with his sister before his arrest. His family, consisting of his grandmother, mother, brother, and sister, live in Lubbock.

Apparently learning from the media that a capital murder warrant had been issued for his arrest, appellant walked into the Lubbock police department on 28 September 1987, saying he "wanted to know what the deal was with the murder," adding that he "hadn't done anything." Appellant was arrested and has remained in jail since that time.

The trial court's docket sheets pertaining to the indictments of the four persons were introduced into evidence. The docket sheet in appellant's case reflects a trial setting for the week of 4 April 1988, on which date the State applied for and was granted a continuance. The docket sheets for the other three defendants show no settings for two of them, and a change of venue for one defendant, Damon Jerome Richardson. *See Ex parte Richardson*, 750 S.W.2d 896 (Tex.App.—Amarillo 1988, pet'n ref'd). Additionally, appellant introduced the trial court's docket settings for the trial week of 4 April 1988. The document lists 57 criminal cases set for trial that week, with the twelfth one listed being appellant's case.

It was shown that no written motion for continuance by the State was on file, and the continuance notation on the docket sheet was not written by the trial judge. The first assistant criminal district attorney, as well as another assistant criminal district attorney, testified that the State is, and always has been, ready to try appellant's case.

The court administrator, who did not prepare the list of trial settings, testified that it was unusual for a capital case, which usually is given a special setting, to appear on the listing. It was the administrator's testimony that three of the cases on the setting list were heard that week.

By a bill of exception, it was made to appear, by an attorney who was present when the cases listed on the docket setting were called for trial, that an assistant criminal district attorney appearing on behalf of the State orally requested a continuance in appellant's case. The attorney conceded that appellant's capital murder case could not be tried within a single trial week, but would take three or four weeks to try.

■ It is appellant's primary position that, despite the State's sworn announcement of continuing readiness to try his case, the fact that the State asked for and received a continuance, coupled with the indication that his case will be the last one of the four capital murder cases to be tried, is persuasive evidence that the State was not ready for trial. Then, assuming that the State was not ready for trial within 90 days from the commencement of his detention on the felony accusation, appellant invokes the statute providing that in such circumstances "[he] must be released either on personal bond or by reducing the amount of bail required." Tex.Code Crim. Proc.Ann. art. 17.151, § 1(1) (Vernon Supp. 1988). But, appellant further argues, since he is indigent and cannot raise any type of bond, he is entitled to be released on a personal recognizance bond. *Kernahan v. State*, 657 S.W.2d 433, 434–35 (Tex.Cr.App. 1983).

The immediate difficulty with appellant's primary position is that it is not sustained by the record. Assuming *arguendo* that the State requested and received a continuance, neither that fact nor the indication that others charged with the capital murders may be first tried belies the State's sworn announcement of ready for trial. By his brief, appellant acknowledges that in all likelihood it was a mistake for his case to be included in the settings for the week, and the record evinces that the case could not be tried within that week. In that situation, the State's request for a continuance in appellant's case was a routine exercise, not a confession of unreadiness, because otherwise the case would be

continued by operation of law. Tex.Code Crim.Proc.Ann. art. 29.01(3) (Vernon Pamph.Supp.1988).

Consequently, the trial court cannot be charged with an abuse of discretion in impliedly finding that the State was, and had been, ready for trial in appellant's case, and in setting bail in lieu of a personal bond. The fact that appellant is indicted for a felony offense is a sufficient ground to require bail. *Ex parte Toppings*, 422 S.W.2d 459, 460 (Tex.Cr.App.1968).

Although, as previously noted, appellant argues that the amount of bail set should be substantially reduced, he concedes, in only seeking his release on a personal bond, that under the record, he cannot make bail of any amount. It follows that it is unnecessary for us to consider whether the court abused its discretion in setting bail in the amount of $250,000, for the fact that he cannot meet the bail set does not, by itself, call for a reduction in the amount of bail. *Ex parte Hugg*, 636 S.W.2d 862, 863 (Tex.App.—Amarillo 1982, pet'n ref'd). Appellant's two points of error are overruled.