Apolonio Joseph **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–91–00123–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 9, 1991.

---

Michael B. Charlton, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Appellant was originally charged with murder. In a separate cause number, appellant was later charged with the felony offense of aggravated robbery of the decedent. Appellant was ordered released on bond for the first offense, and upon being charged with the second offense, sought a writ of habeas corpus asserting he should be released pursuant to TEX.CODE CRIM. PROC.ANN. art. 17.151 (Vernon Supp.1991). The trial court denied appellant's application for relief, and he appeals via a single point of error. We affirm.

■ On October 17, 1990 (in cause number 578,633), appellant was charged with the September 7, 1989, murder of Leon Chambers. On January 28, 1991, the trial court granted appellant's motion for release on a personal recognizance bond and set bail at $10,000 pursuant to TEX.CODE CRIM.PROC.ANN. art. 17.151 (Vernon Supp. 1991). A few hours later but on the same day (in cause number 587,407), the appellant was charged with the September 7, 1989, offense of aggravated robbery against Leon Chambers. Two days later, appellant filed his application for writ of habeas corpus claiming that since both charges arose out of the same transaction and he was granted bail in one cause, he should be released from custody.

TEX.CODE CRIM.PROC.ANN. art. 17.151 (Vernon Supp.1991) provides that:

Section 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony;

The state urges us to declare art. 17.151 unconstitutional as being an undue interference with (1) the prosecutor's function and (2) the judiciary's authority to set bail in a criminal case, all in violation of TEX. CONST. art. II, § 1. The court of criminal appeals has recently rejected the constitutional challenge that it unduly interferes with the prosecutor's function. *Ex parte Jones*, 803 S.W.2d 712 (Tex.Crim.App.1991) (not yet reported). In *Jones*, the court recognized, however, that whether the challenged article unduly interfered with the judicial function was "a potentially prickly separation of powers question" but that the issue was not squarely presented in that case. We likewise agree that a serious question is presented by this challenge, but in view of our holding, we need not pass upon the constitutionality of the statue. This is because of the well-established rule that courts will not pass upon the constitutionality of a statute unless it is necessary.

■ Although appellant's initial assertions concerning the applicability of art. 17.151 to his situation are correct, he has failed to note the exceptions to said statute. Section 2(2) provides that the article does not apply to a defendant who is being detained pending trial of another accusation against him as to which the applicable period has not elapsed. Appellant's release pertaining to the murder charge was cor-

rect given art. 17.151. However the subsequent aggravated robbery charge was filed after his bond proceeding, and its 90 day limit had not expired. The statute does not contain language indicating that different indictments arising out of the same criminal episode should be treated differently, and we do not chose to add such a condition to the application of the article. *Compare Ex parte McNeil,* 772 S.W.2d 488, 490 (Tex. App.—Houston [1st Dist.] 1989, no writ). For whatever reason, the first court in that case did not acknowledge the above-discussed exception to the applicability of art. 17.151. We hold that the trial court, pursuant to the exception mentioned above, correctly denied appellant the relief he had requested. Appellant's sole point of error is overruled, and the judgment of the trial court is affirmed.

SEARS, Justice, dissenting.

I respectfully dissent.

The majority contends an exception applies because appellant was "detained pending trial of another accusation against him to which the applicable period has not elapsed." However, the "other accusation," aggravated robbery, arises out of the same transaction and could have been brought against the appellant at the same time the murder charge was brought. This "stringing out" of the indictments is the very evil the appellate court found objectionable in *Ex parte McNeil,* 772 S.W.2d 488 (Tex.App.Houston [1st Dist.] 1989). That court held: "The Legal maneuvering by the State to obtain two indictments from one criminal episode does not alter the fact that McNeil was held for over 90 days before she was indicted on *any* charge." *McNeil* at 491.

I would grant the writ of habeas corpus.