**Michael ROWE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–01103–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 25, 1993.

Discretionary Review Granted May 19, 1993.

Judith M. Prince, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant was arrested and charged with murder and two counts of aggravated assault. He remained in continuous custody for over ninety days without being indicted. He filed a writ of habeas corpus in the trial court requesting release on a personal recognizance bond. The Court denied the writ. In his sole point of error, appellant contends the trial court abused its discretion in denying his writ for release on a personal bond. We affirm.

TEX.CODE CRIM.PROC.ANN. art. 17.151 (Vernon Supp.1993) provides the standard by which this Court reviews a trial court's refusal to release a defendant on a personal bond, when the defendant has not been indicted within ninety days. Article 17.151 provides that:

A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond **or by reducing the amount of bail** required, if the State is not ready for trial on the criminal action for which he is being detained within ... ninety days from the commencement of his detention. (emphasis added).

Bail was originally set at ten-thousand dollars for the murder charge, and four-thousand dollars for the aggravated assault charge. The trial court reduced each bond by one-thousand dollars, in response to a motion to reduce the bail. Appellant asserts that he is unable to meet even this reduced bail. However, Appellant's request for relief was not for *reduced* bond, it was for a *personal bond;* therefore, it is immaterial whether he can make the reduced bond. Also, Appellant's claim that he cannot meet the bail set does not, by itself, call for either a further reduction in the bail, or release on a personal bond. *Ex parte Stearnes,* 761 S.W.2d 388, 390 (Tex.App.—Amarillo 1988, pet. ref'd).

The trial judge asked the assistant district attorney why the Appellant had not been indicted within the required ninety day period. The prosecutor responded that one of the reasons she delayed taking the case to the grand jury, was because the Appellant wanted to testify to the grand jury. Apparently, the Appellant changed his mind and elected not to testify. The Appellant did not contradict that this was a part of the explanation for the delay.

When a party invites error, he can not later complain of or attempt to gain an advantage based upon that error. *Capistran v. State,* 759 S.W.2d 121, 124 (Tex. Crim.App.1982). We hold that a delay in indicting, that is caused by the accused's request to testify before the grand jury, will not be held against the State or entitle the accused to a personal recognizance bond. Further, Appellant has not brought a complete record because we do not have the indictment, nor is there any testimony as to when the Appellant was indicted. Therefore, we find no abuse of discretion and affirm the judgment of the trial court.

DRAUGHN, Justice, dissenting.

I respectfully dissent. If this were a case coming to us as one of first impression, I would agree with my fellow justices

**898**

that the trial court did not abuse its discretion in denying appellant's application for a writ of habeas corpus seeking release on a personal bond. However, the Court of Criminal Appeals in my view has pre-empted us from this option by its opinion in *Jones v. State*, 803 S.W.2d 712 (Tex.Crim. App.1991). In *Jones*, the court held that a defendant charged with murder and capital murder was entitled to be released under article 17.151, either on personal bond or by reducing the amount of the bail required because the State had not announced or shown that it was ready within the 90–day period specified in the article. *Jones* at 719.

Two things are clear in this case: (1) the state incarcerated defendant past the 90 days without an indictment, and without announcing or showing that it was ready; and (2) he was declared indigent by the trial court which granted him a free transcript and statement of facts on appeal. Under these circumstances, the court of criminal appeals has mandated that he is entitled to be released on personal bond or on minimal bail that he can afford. *Id. Ex parte Kernahan*, 657 S.W.2d 433, 434 (Tex. Crim.App.1983); *see also Ex parte McNeil*, 772 S.W.2d 488 (Tex.App.—Houston [1st Dist.] 1989, no pet.). The prosecutor's rather general explanation that she delayed seeking an indictment past 90 days because the defendant wanted to testify before the grand jury does not, without more, excuse her failure to seek an indictment within 90 days.

The majority opinion omits any discussion of *Jones* or *Kernahan*, notwithstanding the fact that by these opinions the Court of Criminal Appeals has mandated that absent certain exceptions, which are not applicable here, a person accused of a felony must be released either on personal bond or by reducing the amount of bail required if the state is not ready within 90 days from the day he is jailed. Here, the accused was not indicted within 90 days, and the state did not announce ready, nor show that it was ready for trial. In accordance with these cases, I would remand to the habeas court for further proceedings regarding appellant's release on personal bond or minimal bail he can afford.