**Michael G. BECKCOM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–96–514–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 30, 1997.

John S. Gilmore, Jr., Gilmore & Granberry, Douglas Tinker, Corpus Christi, for Appellant.

Thomas L. Bridges, District Attorney, Anita O'Rourke, Asst. District Attorney, Sinton, for State.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

**OPINION**

DORSEY, Justice.

Michael Beckcom appeals from the denial of habeas corpus relief in the State's case against him for capital murder. Beckcom sought release on bail pursuant to article 17.151 of the Code of Criminal Procedure, which provides for release when the State is not ready to go to trial on a felony charge within ninety days of a defendant's arrest. TEX.CODE CRIM. PROC. ANN. art. 17.151 (Vernon Supp.1997).[1] The trial court granted the writ of habeas corpus and held a hearing, but

---

1. Article 17.151 reads in pertinent part as follows:

**Art. 17.151. Release because of delay**

Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony;

\* \* \* \* \* \*

Sec. 2. The provisions of this article do not apply to a defendant who is:

\* \* \* \* \* \*

(2) being detained pending trial of another accusation against him as to which the applicable time period has not yet elapsed[.]

then denied Beckcom the relief he sought. We reverse.

Beckcom was arrested on June 4, 1996 for the murder of George Nicholas Brueggen. An examining trial was held on July 12, 1996 and Beckcom's bond was reduced to $500,-000. A writ of habeas corpus hearing was had on August 20, 1996, but the trial court refused to reduce the bond any further. The ninety-day period from Beckcom's arrest expired September 2, 1996. On September 13, 1996, the State dismissed the murder charge and filed a capital murder complaint against Beckcom. Also on September 13, 1996, Beckcom's motion to release pursuant to article 17.151 was heard in justice court, but was overruled. The State indicted Beckcom for capital murder on September 20, 1996. The State announced ready for trial on October 4, 1996. On October 8, 1996, Beckcom's petition for writ of habeas corpus was heard in the trial court, but was denied. It is this denial of habeas corpus relief that Beckcom appeals here.

■ In Beckcom's sole point of error on appeal, he argues that the trial court erred in denying him bail pursuant to article 17.151.[2] Beckcom argues that since the State did not indict him within ninety days of his arrest and therefore was not ready to go to trial within ninety days, he is entitled to be released on bail or on his personal recognizance. Beckcom relies on *Ex parte McNeil,* 772 S.W.2d 488 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding).

The State responds that Beckcom is not entitled to release on bail, since he is now being held on a charge of capital murder, which is different from the original charge of murder. The State argues that since it dropped the original charge and charged Beckcom anew, the exception in article 17.151, section 2(2) for being detained pending trial of "another accusation" applies. The State relies on *Martinez v. State,* 810 S.W.2d 428 (Tex.App.—Houston [14th Dist.]

1991), *pet. dism'd as moot,* 826 S.W.2d 620 (Tex.Crim.App.1992).

■ In general, a defendant being held on a charge of capital murder is not entitled to bail "when the proof is evident." TEX. CONST. art. I, § 11; TEX.CODE CRIM. PROC. ANN. art. 1.07 (Vernon 1977). However, this rule is subject to the provisions of article 17.151.[3] *See Ex parte Jones v. State,* 803 S.W.2d 712, 719 (Tex.Crim.App.1991) (defendant indicted for murder and capital murder entitled to be released on bond pursuant to article 17.151 when State not ready for trial within ninety days); *see also McNeil,* 772 S.W.2d at 489–91 (defendant charged with capital murder); *Ex parte Delk,* 750 S.W.2d 816, 817 (Tex.App.—Tyler 1988, orig. proceeding).

In *McNeil,* the defendant was arrested and charged with attempted capital murder. *McNeil,* 772 S.W.2d at 489. The victim then died, and the defendant's attempted murder charge was dropped in favor of a capital murder charge. *Id.* After a number of continuances (requested by the State), the defendant's bond hearing was finally held more than 180 days after her arrest. The defendant had still not been indicted by this time. The defendant's bond was set at $100,000, and she appealed. The State then split the elements of capital murder into two separate charges of murder and aggravated kidnapping. The State finally indicted the defendant with the murder 249 days after her arrest, and with aggravated kidnapping 261 days after her arrest.

The court in *McNeil* noted that the State had not indicted the defendant within ninety days of her arrest, and therefore was not ready to proceed to trial. *Id.* Following the terms of article 17.151, the court ordered the defendant released on a personal recognizance bond. *Id.* at 490.

*McNeil* also involved a mandamus proceeding, which resulted when the trial court followed the appellate court's direction to release the defendant on bond, but only for her murder indictment. The defendant re-

2. Evidence at the hearing on his habeas corpus motion indicated that Beckcom could afford no more than a $10,000 surety bond.

3. This rule is also subject to the exception that when the State seeks more than one continuance, and the defendant does not seek a continuance, the defendant will be entitled to bail. TEX. CODE CRIM. PROC. ANN. art. 29.12 (Vernon 1989).

mained jailed on her aggravated kidnapping indictment. The court of appeals granted mandamus relief to the defendant, saying:

> The order of the Court releasing McNeil on personal bond for the original charge of capital murder clearly should have been applied to the two new charges of murder and aggravated kidnapping which grew out of the original capital murder charge. The legal maneuvering by the State to obtain two indictments from one criminal episode does not alter the fact that McNeil was held for over 90 days before she was indicted on *any* charge.

*Id.* at 491 (emphasis in original).

The court's decision in *McNeil* is questioned by the Fourteenth Court of Appeals in *Martinez,* 810 S.W.2d at 428. In *Martinez,* the defendant was charged with murder. Some 103 days later, the defendant was granted bail pursuant to article 17.151. A few hours later but on the same day, the defendant was charged with the aggravated robbery of the same victim he was accused of murdering. The defendant sought habeas corpus relief, claiming that since both charges arose from the same criminal transaction, his personal recognizance bond should be effective as to both. The trial court denied the defendant's application for habeas corpus relief, and the court of appeals affirmed, holding that article 17.151 section 2(2) applied as an exception to the rule. The court rejected the argument that all charges arising from the same criminal transaction were necessarily covered by the defendant's personal recognizance bond. *Id.* at 430. The court determined that the defendant's charge for aggravated robbery was filed after the bond proceeding in his murder case, and that the ninety-day limit had not expired for the robbery charge. *Id.* The court stated:

> The statute does not contain language indicating that different indictments arising out of the same criminal episode should be treated differently, and we do not chose [sic] to add such a condition to the application of the article. *Compare Ex parte McNeil,* 772 S.W.2d 488, 490 (Tex.App.—Houston [1st Dist.] 1989, no writ). For whatever reason, the first court in that case did not acknowledge the above-discussed exception to the applicability of art. 17.151.

*Martinez,* 810 S.W.2d at 430.

Justice Sears' dissent in *Martinez* notes that the "other accusation," aggravated robbery,

> arises out of the same transaction and could have been brought against the appellant at the same time the murder charge was brought. This "stringing out" of the indictments is the very evil the appellate court found objectionable in *Ex parte McNeil,* 772 S.W.2d 488 (Tex.App.—Houston [1st Dist.] 1989).

*Martinez,* 810 S.W.2d at 430 (Sears, J., dissenting).

We believe that the court in *Martinez* misread article 17.151 when it determined that the "applicable period" of ninety days had not expired on the defendant's charge for aggravated robbery. The ninety-day time limit for felony charges begins to run on *"the commencement of [the defendant's] detention."* TEX.CODE CRIM. PROC. ANN. art. 17.151, § 1(1). The time limit does not begin when the defendant is charged, as determined by the Fourteenth Court of Appeals, but rather when the defendant is actually detained. *Balawajder v. State,* 759 S.W.2d 504, 505–06 (Tex.App.—Fort Worth 1988, pet. ref'd). In the present case, Beckcom's detention began when he was arrested on June 4, 1996. As was the case in *McNeil,* more than ninety days passed before Beckcom was indicted on *any* charge. Section 2(2) of article 17.151 does not apply, as the "applicable period" for Beckcom's charge of capital murder ran out "90 days from the commencement of his detention," or on September 2, 1996. Since the State was not ready for trial on that date, Beckcom is entitled to bail pursuant to article 17.151, section 1(1). To hold otherwise would allow the State to incarcerate a defendant pre-trial almost indefinitely by simply dropping the pending charge and filing a new charge against the defendant whenever the end of the "applicable period" approached.

Uncontroverted evidence in the trial court indicated that Beckcom does not have resources to allow him to obtain a surety bond in any amount greater than $10,000. Accord-

ingly, pursuant to article 17.151, we REVERSE the decision of the trial court and REMAND to the trial court to set bail.