NUMBER 13-99-802-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_________________________________________________________________ 


EX PARTE: BERNARD PACKER

_________________________________________________________________ 



On appeal from the 148th District Court

of Nueces County, Texas.

_________________________________________________________________ 


O P I N I O N

Before Chief Justice Seerden and Justices Dorsey and Yañez

Opinion by Chief Justice Seerden



 Bernard Packer, appellant, appeals from the trial court's order denying his application for a writ of habeas corpus. 

 Appellant was indicted for murder.(1) He was subsequently arrested on February 22, 1999, and incarcerated to await trial
on the murder charge. The State announced ready for trial on the murder indictment on February 25, 1999. Appellant's
bond was set at $125,000.00. Appellant was subsequently reindicted on October 28, 1999 (248 days after being
incarcerated) for capital murder.(2) This indictment alleges the same facts as the murder indictment but adds allegations that
the murder was committed in the course of robbery or an attempted robbery. 

 On November 10, 1999, 261 days after being jailed, appellant filed an application for writ of habeas corpus seeking
reduction of bond or release on personal recognizance because of delay. See Tex. Code Crim. Proc. Ann. art. 17.151 §1 (1)
(Vernon 1999). After a hearing, the trial court denied appellant's application. 

 Article 17.151 of the code of criminal procedure provides: 

 Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal
bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is
being detained within: 



 (1) 90 days from the commencement of his detention if he is accused of a felony. . . . 



Id. (emphasis added). In order to be ready for trial, the State must satisfy two prerequisites.  First, the State must present an
indictment. Beckcom v. State, 938 S.W.2d 780, 782 (Tex. App.--Corpus Christi 1997, no pet.). Second, the State must
either announce ready or announce retrospectively that it had been ready within the allotted time. Barfield v. State, 586
S.W.2d 538, 542 (Tex. Crim. App. 1979); Ex parte Ancira, 942 S.W.2d 46, 47 (Tex. App.--Houston [14th Dist.] 1997, no
pet.). The State's "ready" announcement is prima facie evidence it was ready for trial. Barfield, 586 S.W.2d at 542. 

 The record in this case reflects that three days after appellant's arrest on the original murder charge, the State announced
ready. 

 However, by alleging capital murder, the State has charged appellant with a different offense. Murder is a lesser-included
offense of capital murder. See Tex. Penal Code Ann. § 19.03(c) (Vernon 1999). The State's announcement of ready as to
the murder indictment does not "carry forward" to the capital murder indictment. 

 Once appellant filed his application for habeas corpus, the State was required to prove that it was ready to proceed on the
capital murder charge or announce retrospectively that it had been ready to proceed on that charge. Examining the record
of the hearing held on the application, we find that the State has satisfied neither alternative. Thus, the State has not made a
showing of readiness. The language of article 17.151 is mandatory: when the State does not prove it is ready for trial, the
court must release appellant on personal bond or reduce the amount of bail required. Tex. Code Crim. Proc. Ann. art.
17.151, §1 (Vernon 1999). We hold that because the State did not prove it was ready for trial, the trial court abused its
discretion in denying appellant's request for bond reduction. 



 Accordingly, we REVERSE the trial court's order and REMAND the cause to that court for further proceedings in
accordance with article 17.151. 




______________________________ 

ROBERT J. SEERDEN, Chief Justice 



Do not publish . 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 1st day of June, 2000. 

 

1. Tex. Penal Code Ann. §19.02 (Vernon 1999).

2. Tex. Penal Code Ann. §19.03 (Vernon 1999).