IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00102-CR

 

EX
PARTE Angel Avila

 

 



From the 361st
District Court

Brazos County, Texas

Trial Court No. 06-00096-CRF-361

 



O p i n i o n



 

            Angel Avila, Appellant, was
arrested and jailed on September 27, 2005 for allegedly shooting three men. 
The next day, a magistrate set bail on each shooting at $300,000.  On January
5, 2006—more than 90 days after his arrest—Avila, who remained in jail, was
indicted on three counts of aggravated assault with a deadly weapon.  Several
months later, Avila filed an application for a writ of habeas corpus and
requested release under a personal recognizance bond or, alternatively, a bail
reduction to $10,000.  At the hearing on Avila’s application, Avila’s attorney,
citing article 17.151 of the Code of Criminal Procedure, argued for only a
personal recognizance bond because his indigence prevented him from posting a
bond in any amount.  The trial court reduced bail to $10,000 on each count.  

Avila
appeals, asserting that the trial court abused its discretion by failing to
release Avila under a personal recognizance bond.  See Tex. R. App. P. 31.  We have
jurisdiction of an appeal of a trial court’s denial of habeas corpus relief.  E.g.,
Ex parte Davis, 147 S.W.3d 546 (Tex. App.—Waco 2004, no pet.); see also
Pharris v. State, ---
S.W.3d ---, --- n.4, 2006 WL 1549937, at *2 n.4 (Tex. App.—Houston [1st Dist.]
June 8, 2006, no pet. h.).  We review a trial court’s pretrial
bail determination under an abuse-of-discretion standard.  Ex parte Rubac,
611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); Davis,
147 S.W.3d at 548.  A habeas applicant bears the burden of proving that his
bail is excessive.  Rubac, 611 S.W.2d at 849; Davis, 147 S.W.3d
at 548.

Article 17.151 provides in pertinent
part:

Sec. 1.  A defendant who is detained in
jail pending trial of an accusation against him must be released either on
personal bond or by reducing the amount of bail required, if the state is not
ready for trial of the criminal action for which he is being detained within:

(1)  
90 days from the
commencement of his detention if he is accused of a felony; . . . .

 

Tex. Code
Crim. Proc. Ann. art.
17.151, § 1(1) (Vernon Supp. 2005).  “When there is no indictment, the State
cannot announce ready for trial.”  Ex parte McNeil, 772 S.W.2d 488, 489
(Tex. App.—Houston 1989, orig. proceeding) (citing Pate v. State, 592
S.W.2d 620, 621 (Tex. Crim. App. 1980)).

The Houston First Court recently
examined article 17.151:

Section
17.151 is mandatory.  See Rowe v. State, 853 S.W.2d 581, 583 (Tex. Crim.
App. 1993).  If the State is not ready for trial within 90 days after
commencement of detention for a felony, the trial court has two options:  to
release the defendant upon personal bond or to reduce the amount of bail.  See
id. at 583; see also Tex.
Code Crim. Proc. Ann. art. 17.151.  Moreover, the trial court “must
reduce bail to an amount that the record reflects the accused can make
in order to effectuate release.”  Id. at 582 n.1 (second emphasis
added).  Rowe has not been modified in any way by the Court of Criminal
Appeals, and other intermediate appellate courts have noted that Rowe
controls this question.  See Ex Parte Ancira, 942 S.W.2d 46, 47 (Tex.
App.—Houston [14th Dist.] 1997, no writ); see also Ex Parte Tellez, No.
04-04-00897-CR, 2005 WL 1277660, at *1 (Tex. App.—San Antonio Jun. 1, 2005,
orig. proceeding) (not designated for publication).

 

Pharris, ---
S.W.3d at ---, 2006 WL 1549937, at *4.

We hold that the trial court abused its discretion in not
following Rowe's dictates that it must set bail at an amount that the
record reflects Avila can make or release him on a personal recognizance
bond.  The evidence adduced at the hearing shows:  Avila was self-employed as a
car painter and earned approximately $1,200 per month, which he used to support
his wife and child; Avila has had no means of support since his September 2005
incarceration; his wife and parents have no money to give him to post a bond;
he has no money or a vehicle; and the trial court had found Avila indigent. 
The record shows that Avila could not post bond in any amount; accordingly, the
trial court should have released Avila on a personal recognizance bond.[1]  See
Rowe, 853 S.W.2d at 582; Ex parte Kernahan, 657 S.W.2d 433, 434-35
(Tex. Crim. App. 1983); McNeil, 772 S.W.2d at 490.

We reverse the trial court’s order setting bail at $10,000 on each
count and remand the cause to the trial court with instructions to release Avila on a personal recognizance bond.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Reversed
and remanded with instructions 

Opinion
delivered and filed June 21, 2006

Publish

[CRPM]








 









[1]               The State’s position is
that, because Avila’s sworn application requested a personal recognizance bond
or, alternatively, a $10,000 bond, the record supports that Avila could make at
least a $10,000 bond.  But given Avila’s subsequent testimony on his ability to
post bond, the mandatory nature of article 17.151, and the applicable case law,
we decline to follow the State’s argument.