COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-182-CR

 

 

EX PARTE ANTOINE DEVON WHITE                                                        

 

                                              ------------

 

             FROM THE 78TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction

In one point, Appellant Antoine Devon White
appeals the denial of habeas corpus relief. 
We reverse and remand.  

II. Factual and Procedural History








Antoine Devon White, Appellant, was arrested on
November 15, 2006, for the murder of David McDowell.  Appellant was charged with capital murder on
November 15.  Appellant remained
continuously confined with no bond set until March 6, 2007, when Appellant filed
a pretrial application for writ of habeas corpus.  The State charged Appellant with aggravated
robbery on March 6.  The next day, March
7, 2007, the State brought a two-count indictment  against Appellant alleging the offenses of
capital murder and aggravated robbery of David McDowell.  

In Appellant=s writ
of habeas corpus, he asserted three grounds of relief.  First, Appellant asserted that he had been
incarcerated since November 15, 2006, in connection with the charge of capital
murder.  He alleged that because no
indictment had been returned against him for the capital murder charge as of
March 6, 2007, there was insufficient probable cause to continue to detain him.  Second, Appellant alleged that he had been continuously
incarcerated for more than ninety days in connection with the capital murder
charge and that the lack of an indictment in the case meant that the State
could not have been ready for trial within the ninety day period required by
article 17.151 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 17.151 (Vernon Supp. 2007).  Appellant asserted that because article
17.151 was not followed, he had to be released on personal bond pending
trial.  Lastly, Appellant alleged that
the failure to set bond in connection with the capital murder charge violated
his state and federal constitutional guarantees of reasonable bond and his
statutory right to reasonable bond. 








The trial court held a hearing on Appellant=s writ
of habeas corpus application on March 14, 2007.  Appellant presented evidence relating to
his custody and unrebutted evidence that he was indigent and that he lacked
funds to make bond.  At Appellant=s
request, the trial court took judicial notice that the two-count indictment was
returned against Appellant on March 7, 2007. 
On March 18, 2007, the trial court entered its order denying all relief
requested in Appellant=s writ application.  Appellant=s timely
appeal followed.

III. Denial of Relief

Appellant argues that the trial court erred in
denying his requested relief in his pretrial application for writ of habeas
corpus.  Appellant contends that the
trial court erred in finding that the filing of the aggravated robbery charge
prevented article 17.151 from applying; therefore, Appellant was denied the
right to be released on personal bond or upon a bond he could make. 








In accordance with article 17.151, if the State
is not ready for trial within ninety days from when the accused is actually
detained for a felony, the accused must be released either on personal bond or
by reducing the amount of bail required.[2]  See Rowe v. State, 853 S.W.2d 581, 582
(Tex. Crim. App. 1993).  Thus the trial
court has two options: release upon personal bond or reduce the bail
amount.  Id.  The ninety-day time limit does not begin
when the defendant is charged, but rather when the defendant is actually
detained.  Beckcom v. State, 938
S.W.2d 780, 781 (Tex. App.CCorpus
Christi 1997, no pet.); Balawajder v. State, 759 S.W.2d 504, 505-06
(Tex. App.CFort Worth 1988, pet. ref=d.).  Furthermore, the State cannot be ready in a
felony case if an indictment has not been returned.  See Kernahan v. State, 657 S.W.2d 433,
434 (Tex. Crim. App. 1983). 








In denying Appellant=s
requested relief, the trial court found that because Appellant was being
detained on the aggravated robbery charge that was filed on March 6, and
returned as count one of the indictment on March 7, the exception in article
17.151, section 2(2) for detention pending trial of Aanother
accusation@ applied.  The court relied on this exception and Martinez
v. State to conclude that the ninety-day period under article 17.151,
section 1(1) had not yet run in regard to the aggravated robbery charge;
therefore, Appellant was properly being held on bail for that charge.  Thus, the court denied relief.  Martinez v. State, 810 S.W.2d 428
(Tex. App.CHouston [14th Dist.] 1991), pet.
dism=d as moot, 826
S.W.2d 620 (Tex. Crim. App. 1992). 








After reviewing article 17.151, section 2(2) and Martinez,
we have determined that both are inapplicable to this case.  The State concedes that Martinez is
both factually and legally distinguishable from this case.  In Martinez, the appellant was charged
with murder.  810 S.W.2d at
429.  Some 103 days later, the appellant
was granted bond pursuant to article 17.151. 
Id.  To prevent release, the
appellant was separately charged with the aggravated robbery of the same victim
he was accused of murdering.  The
appellant sought habeas corpus relief, which the trial court denied.  Id. 
The court of appeals affirmed, holding that article 17.151, section 2(2)
applied as an exception to the rule.  Id.  The court determined that the appellant=s charge
for aggravated robbery was filed after the bond proceeding in his murder case,
so  the ninety‑day limit had not
expired for the robbery charge.  Id. 

We believe that the court in Martinez misread
article 17.151 when it determined that the applicable period of ninety days had
not expired on the defendant=s charge
for aggravated robbery.  The ninety‑day
time limit for felony charges begins to run on A the
commencement of [the defendant=s]
detention.@ Tex. Code Crim. Proc. Ann. art. 17.151, '
1(1).  The time limit does not begin when
the defendant is charged, as determined by the court of appeals in Martinez,
but rather when the defendant is actually detained.  See Beckcom, 938 S.W.2d at 782; Balawajder,
759 S.W.2d at 505‑06. 








In the present case, Appellant=s
detention began when he was arrested and charged with the offense of capital
murder on November 15, 2006.  More than
ninety days passed before Appellant was indicted on any charge.  Contrary to the trial court=s
ruling, article 17.151, section 2(2) does not apply, as the applicable period
for Appellant=s indictment for capital murder
expired ninety days from the commencement of his detention, or on February 13,
2007.  Because the State was not ready
for trial on that date, Appellant is entitled to be released on bond pursuant
to article 17.151, section 1(1).  To hold
otherwise would allow the State to incarcerate Appellant pretrial almost
indefinitely by simply filing a new charge against Appellant whenever the end
of the applicable period on the existing charge approached.  See Beckcom, 938 S.W.2d at 782.

Because the State was not ready for trial within
ninety days of Appellant=s detainment, Appellant is
entitled to bail pursuant to article 17.151, section 1(1).  See id.  Accordingly, we reverse the decision of the
trial court and remand to the trial court to set Appellant=s bond.

IV. Conclusion

Having sustained Appellant=s sole
point, we reverse the trial court and remand to the trial court to set bond in
accordance with article 17.151. 

 

 

 

BOB
MCCOY

JUSTICE

 

PANEL B:   LIVINGSTON,
WALKER, and MCCOY, JJ.

 

LIVINGSTON, J. concurs
without opinion.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: January 10,
2008











[1]See Tex. R. App. P. 47.4.





[2] Article 17.151 provides:

 

Sec. 1.  A defendant who is detained in jail pending
trial of an accusation against him must be released either on personal bond or
by reducing the amount of bail required, if the state is not ready for trial of
the criminal action for which he is being detained within:

(1) 90 days from the
commencement of his detention if he is accused of a felony; . . . .

 

Sec. 2. The provisions of
this article do not apply to a defendant

who is:

(1) serving a sentence of
imprisonment for another offense while the defendant is serving that sentence; 

(2) being detained
pending trial of another accusation against the defendant as to which the
applicable period has not yet elapsed; 

(3) incompetent to stand
trial, during the period of the defendant=s incompetence. 

 

Tex. Code Crim. Proc. Ann. art. 17.151.