COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-182-CR

EX PARTE ANTOINE DEVON WHITE 

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In one point, Appellant Antoine Devon White appeals the denial of habeas corpus relief.  We reverse and remand.  

II. Factual and Procedural History

Antoine Devon White, Appellant, was arrested on November 15, 2006, for the murder of David McDowell.  Appellant was charged with capital murder on November 15.  Appellant
 remained continuously confined with no bond set until March 6, 2007, when Appellant
 filed a pretrial application for writ of habeas corpus.  The State charged Appellant with aggravated robbery on March 6.  The next day, 
March 7, 2007, the State brought a two-count indictment  against Appellant alleging the offenses of capital murder and aggravated robbery of David McDowell. 
 

In Appellant
’s writ of habeas corpus, he asserted three grounds of relief.  First, Appellant
 asserted that he had been incarcerated since November 15, 2006, in connection with the charge of capital murder.  He alleged that because no indictment had been returned against him for the capital murder charge as of March 6, 2007, 
there was insufficient probable cause to continue to detain him.  Second, Appellant
 alleged that he had been continuously incarcerated for more than ninety days in connection with the capital murder charge and that the lack of an indictment in the case meant that the State could not have been ready for trial within the ninety day period required by article 17.151 of the Texas Code of Criminal Procedure.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 17.151 (Vernon Supp. 2007).  Appellant
 asserted that because article 17.151 was not followed, he had to be released on personal bond pending trial.  Lastly, Appellant
 alleged that the failure to set bond in connection with the capital murder charge violated his state and federal constitutional guarantees of reasonable bond and his statutory right to reasonable bond. 

The trial court held a hearing on Appellant
’s writ of habeas corpus application on March 14, 2007.
  
Appellant
 presented evidence relating to his custody and unrebutted evidence that he was indigent and that he lacked funds to make bond.  At Appellant
’s request, the trial court took judicial notice that
 the two-count indictment was returned against Appellant
 on March 7, 2007. 
 On March 18, 2007, the trial court entered its order denying all relief requested in Appellant’s writ application
.  
Appellant’s timely appeal followed.

III. Denial of Relief

Appellant argues that the trial court erred in denying his requested relief in his pretrial application for writ of habeas corpus.  
Appellant contends that the trial court erred in finding that the filing of the aggravated robbery charge prevented article 17.151 from applying; therefore, Appellant was denied the right to be released on personal bond or upon a bond he could make. 

In accordance with article 17.151, if the State is not ready for trial within ninety days from when the accused is actually detained for a felony, the accused must be released either on personal bond or by reducing the amount of bail required.
(footnote: 2)  See Rowe v. State,
 853 S.W.2d 581, 582 (Tex. Crim. App. 1993).  Thus the trial court has two options: release upon personal bond or reduce the bail amount.  
Id.  
The ninety-day time limit does not begin when the defendant is charged, but rather when the defendant is actually detained. 
 Beckcom v. State
, 938 S.W.2d 780, 781 (Tex. App.—Corpus Christi 1997, no pet.); 
Balawajder v. State
, 759 S.W.2d 504, 505-06 (Tex. App.—Fort Worth 1988, pet. ref’d.).  Furthermore, the State cannot be ready in a felony case if an indictment has not been returned.  
See Kernahan v. State
, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983). 

In denying Appellant’s requested relief, the trial court found that because Appellant was being detained on the aggravated robbery charge that was filed on March 6, and returned as count one of the indictment on March 7, the exception in article 17.151, section 2(2) for detention pending trial of “another accusation” applied.  The court relied on this exception and 
Martinez v. State
 to conclude that the ninety-day period under article 17.151, section 1(1) had not yet run in regard to the aggravated robbery charge; therefore, Appellant was properly being held on bail for that charge.  Thus, the court denied relief.  
Martinez v. State
, 810 S.W.2d 428 (Tex. App.—Houston [14th Dist.] 1991), 
pet. dism’d as moot
, 826 S.W.2d 620 (Tex. Crim. App. 1992). 

After reviewing article 17.151, section 2(2)
 and 
Martinez
, we have determined that both are inapplicable to this case.  The State concedes that 
Martinez
 is both factually and legally distinguishable from this case.  In 
Martinez
, the appellant was charged with murder. 
 
810 S.W.2d at 
429.  Some 103 days later, the appellant was granted bond pursuant to article 17.151.
  Id.
  To prevent release, the appellant was separately charged with the aggravated robbery of the same victim he was accused of murdering.  The appellant sought habeas corpus relief, which the trial court denied. 
 Id.
  The court of appeals affirmed, holding that article 17.151, section 2(2) applied as an exception to the rule. 
 Id. 
 The court determined that the appellant’s charge for aggravated robbery was filed after the bond proceeding in his murder case, so  the ninety-day limit had not expired for the robbery charge.  
Id. 

We believe that the court in 
Martinez 
misread article 17.151 when it determined that the applicable period of ninety days had not expired on the defendant’s charge for aggravated robbery.  The ninety-day time limit for felony charges begins to run on “ the commencement of [the defendant’s] detention.” 
Tex. Code Crim. Proc. Ann.
 art. 17.151, § 1(1).  The time limit does not begin when the defendant is charged, as determined by the court of appeals in 
Martinez
, but rather when the defendant is actually detained.  
See Beckcom, 
938 S.W.2d at 782; 
Balawajder
, 759 S.W.2d at 505-06. 

In the present case, Appellant’s detention began when he was arrested and charged with the offense of capital murder on November 15, 2006.  More than ninety days passed before Appellant was indicted on any charge.  Contrary to the trial court’s ruling, article 17.151, section 2(2) does not apply, as the applicable period for Appellant’s indictment for capital murder expired ninety days from the commencement of his detention, or on February 13, 2007.  Because the State was not ready for trial on that date, Appellant is entitled to be released on bond pursuant to article 17.151, section 1(1).  To hold otherwise would allow the State to incarcerate Appellant pretrial almost indefinitely by simply filing a new charge against Appellant whenever the end of the applicable period on the existing charge approached. 
 See Beckcom, 
938 S.W.2d at 782.

Because the State was not ready for trial within ninety days of Appellant’s detainment, Appellant is entitled to bail pursuant to article 17.151, section 1(1).  
See id. 
 Accordingly, we reverse the decision of the trial court and remand to the trial court to set Appellant’s bond.

IV. Conclusion

Having sustained Appellant’s sole point, we reverse the trial court and remand to the trial court to set bond in accordance with article 17.151. 

BOB MCCOY

JUSTICE

PANEL B: LIVINGSTON, WALKER, and MCCOY, JJ.

LIVINGSTON, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 10, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2: Article 17.151 provides:

Sec. 1.  A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony; . . . .

Sec. 2. The provisions of this article do not apply to a defendant

who is:

(1) serving a sentence of imprisonment for another offense while the defendant is serving that sentence; 

(2) being detained pending trial of another accusation against the defendant as to which the applicable period has not yet elapsed; 

(3) incompetent to stand trial, during the period of the defendant’s incompetence. 

Tex. Code Crim. Proc. Ann.
 art. 17.151.