Jeffrey Stephen
**BALAWAJDER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–88–115–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 6, 1988.

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and David L. Richards, Asst. Dist. Atty., Fort Worth, for State.

Before BURDOCK, HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

Balawajder appeals from orders of the trial court denying him either a personal bond or a reduction in the amount of bond set. We affirm the judgment of the trial court because Balawajder has failed to prove either that he is entitled to a personal bond or a reduction in the amount of bond or that the amount of bond set is excessive. *See* TEX.CODE CRIM.PROC.

ANN. arts. 17.151, 17.15 (Vernon Supp. 1988).

In his first point of error Balawajder contends that he is entitled to be released on personal bond because the State was not ready for trial within ninety days from the commencement of Balawajder's detention. Balawajder is charged, in Tarrant County, with aggravated rape and aggravated robbery, and his bond has been set in the amount of $50,000. Article 17.-151 of the Texas Code of Criminal Procedure provides that a defendant who is accused of a felony and detained in jail, pending trial, must be released either on personal bond or by reducing the amount of bail required, if the State is not ready for trial within ninety days from the commencement of the accused's detention. Balawajder contends that he was charged and detained on August 14, 1985 and that the State did not announce ready until November 18, 1985, more than ninety days after Balawajder's detention, entitling him to personal bond or a reduction of the bond amount. We overrule Balawajder's first point of error because we find that the ninety days did not begin to run until June 10, 1987 and because there is no evidence in the record that the State was not ready to go to trial within ninety days of that date.

The indictment alleges the offenses to have occurred on May 31, 1983. But while Balawajder's case was filed with the Tarrant County District Attorney's office August 14, 1985, he was not indicted until November 14, 1985, nor held in detention by Tarrant County authorities until June 14, 1987. Between the dates that Balawajder was first charged with the offense and subsequently arrested and delivered to Tarrant County, he was in and out of jails in Oklahoma City, Oklahoma, Dallas, Texas, and Santa Clara, California. During that interval, Balawajder was convicted of an offense, imprisoned by the Texas Department of Corrections, and released on parole. Balawajder now contends that the failure of the State to seek his extradition from Oklahoma or California or to successfully obtain his custody from Dallas County or the Department of Public Corrections

is proof that the State was neither diligent nor prepared to timely try its case. The State has responded by showing repeated efforts to arrange the detention and transfer of Balawajder from the authorities in the various locations and to secure his presence for trial of his pending case in Tarrant County. The record reflects that the State announced ready for trial as early as November 18, 1985. Balawajder received a jury trial on March 11, 1988, which ended in a mistrial when the jury was unable to reach a verdict.

Balawajder contends he is entitled to the relief provided in article 17.151 because the State was not ready for trial within ninety days of August 14, 1985, the date he was first charged with the alleged offenses. At that time he was in the custody of authorities in Oklahoma City, Oklahoma. On August 14, 1985, the Tarrant County Sheriff's Department teletyped the sheriff in Oklahoma City, requesting a detainer be placed on Balawajder; however, Balawajder was transferred instead to Dallas County, Texas, where a second detainer was sought. Despite the second detainer and later attempts to obtain the custody of Balawajder, he was not surrendered to Tarrant County authorities until June 14, 1987, four days after his arrest by Brazoria County authorities at the request of Tarrant County. We hold that the ninety-day period for determining whether the State was ready for trial did not begin before Balawajder's arrest at the request of Tarrant County on June 10, 1987, and there is no evidence in the record to show that the State was not ready for trial within ninety days of that date. Balawajder's first point of error is overruled.

■ In his second point of error, Balawajder contends that the trial court erred in denying his request for bond reduction because the amount of bond was excessive considering the rules set out in article 17.15 which are to be considered by the court in setting bond. Specifically, Balawajder argues that his length of time in jail and the weakness of the State's case shown by the inability of the first jury to reach a guilty verdict, require a reduction in the amount of his bond. We overrule Balawajder's second point of error because we find he has failed to meet his burden of proof to show that his bail is excessive. *See Ex parte Rubac,* 611 S.W.2d 848, 849 (Tex.Crim.App. [Panel Op.] 1981).

Article 17.15 provides that the rules to be followed by the court in determining the amount of bail to be set are the following:

1.  The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
2.  The power to require bail is not to be so used as to make it an instrument of oppression.
3.  The nature of the offense and the circumstances under which it was committed are to be considered.
4.  The ability to make bail is to be regarded, and proof may be taken upon this point.
5.  The future safety of a victim of the alleged offense may be considered.

TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon Supp.1988).

The record before us contains only vague references to Balawajder's ability to make bail. The nature of the offense and the circumstances under which they were committed were violent ones. We do not find that bond in the amount of $50,000 is per se oppressive, and believe it was well within the discretion of the trial court to hold that such amount was sufficiently high to reasonably assure Balawajder's presence for trial. Because of Balawajder's failure to meet his burden of proof on this issue, we overrule his second point of error.

The orders of the trial court are affirmed.