COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-325-CR
 
EX PARTE 
 
VERNON R. SCOTT 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY 
 
------------
 
OPINION
 
------------
 
        I. Introduction 
 
        This is an appeal from the denial of habeas corpus relief requesting bond 
reduction. In three points, Appellant Vernon R. Scott (“Scott”) contends that 
the trial court erred by denying a reduction in the amount of his bond because 
the bond is excessively and oppressively high in violation of the Eighth and 
Fourteenth Amendments to the United States Constitution; article I, sections 
11 and 13 of the Texas Constitution; and article 17.15 of the Texas Code of 
Criminal Procedure. We will affirm. 
II. Factual and Procedural Background
        In May 2003, Scott was arrested for kidnapping his wife, Jennifer Davis 
(“Davis”). The magistrate set bond at $100,000. Thereafter, Scott filed an 
application for writ of habeas corpus, asserting that the bond was excessive 
and requesting a reduction in the amount of the bond. Scott was subsequently 
indicted on one count of kidnapping and one count of aggravated kidnapping. 
On July 30, 2003, the trial court held a hearing on Scott’s habeas application 
requesting bond reduction and denied the requested relief. This appeal 
followed.
III. Excessive Bond
        In three points, Scott contends that the trial court erred by denying his 
request for bond reduction because $100,000 is an excessive amount. He 
complains that the amount of the bond violates his right to reasonable bond 
under the Eighth and Fourteenth Amendments to the United States 
Constitution; article I, sections 11 and 13 of the Texas Constitution; and article 
17.15 of the Texas Code of Criminal Procedure. The State maintains that the 
trial court did not err by denying his request because Scott failed to carry his 
burden to show that the amount of the bond was excessive. Scott’s brief 
combines the argument for his three points, and we will likewise combine our 
analysis.
        A. Standard of Review 
        We review the trial court’s denial of a bond-reduction request under an 
abuse of discretion standard. See Ex parte Rubac, 611 S.W.2d 848, 850 
(Tex. Crim. App. [Panel Op.] 1981); Ex parte Brown, 959 S.W.2d 369, 372 
(Tex. App.—Fort Worth 1998, no pet.); see also Tex. Code Crim. Proc. Ann. 
art. 17.15 (Vernon Supp. 2004) (giving trial court discretion to set amount of 
bond). To determine whether a trial court abused its discretion, we must 
decide whether the trial court acted without reference to any guiding rules or 
principles; in other words, whether the act was arbitrary or unreasonable. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Merely 
because a trial court may decide a matter within its discretion in a different 
manner than an appellate court would in a similar circumstance does not 
demonstrate that an abuse of discretion has occurred. Id.  
        The primary purpose of an appearance bond is to secure the presence of 
the defendant at trial on the offense charged. Ex parte Vasquez, 558 S.W.2d 
477, 479 (Tex. Crim. App. 1977). Accordingly, bail should be set high enough 
to give reasonable assurance that the defendant will appear at trial, but it 
should not operate as an instrument of oppression. Id. In a habeas proceeding, 
the burden of proof is on the defendant to show that the bail, as set, is 
excessive. Rubac, 611 S.W.2d at 849. 
        Article 17.15 of the Texas Code of Criminal Procedure sets forth the 
following criteria for establishing a defendant’s bond: 
1. The bail shall be sufficiently high to give reasonable assurance
that the undertaking will be complied with.
 
2. The power to require bail is not to be so used as to make it an 
instrument of oppression. 
 
3. The nature of the offense and the circumstances under which 
it was committed are to be considered. 
 
4. The ability to make bail is to be regarded, and proof may be 
taken upon this point. 
 
5. The future safety of a victim of the alleged offense and the 
community shall be considered. 

Tex. Code Crim. Proc. Ann. art. 17.15. In addition to these factors, the court
should also weigh the following factors in determining the amount of the bond: 
(1) the accused’s work record; (2) the accused’s family ties; (3) the accused’s
length of residency; (4) the accused’s prior criminal record, if any; (5) the
accused’s conformity with the conditions of any previous bond; (6) the
existence of outstanding bonds, if any; and (7) aggravating circumstances
alleged to have been involved in the charged offense. Rubac, 611 S.W.2d at
849-50; Brown, 959 S.W.2d at 372. 
B. The Nature and Circumstances of the Offense
        The nature of the offense and the circumstances surrounding the offense 
are primary factors in determining what constitutes reasonable bond. Tex. Code 
Crim. Proc. Ann. art. 17.15(3); see Ex parte Davila, 623 S.W.2d 408, 410 
(Tex. Crim. App. [Panel Op.] 1981). In considering the nature of the offense, 
it is proper to consider the possible punishment. Vasquez, 558 S.W.2d at 479-80. When the nature of the offense is serious and involves aggravating factors, 
a lengthy prison sentence following trial is probable. In re Hulin, 31 S.W.3d 
754, 760 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Therefore, pretrial 
bond must be set sufficiently high to secure the presence of the accused at trial 
because the accused’s reaction to the prospect of a lengthy sentence might be 
to not appear. Id. at 761. 
        Scott is charged with aggravated kidnapping, a first degree felony. Tex. 
Penal Code Ann. § 20.04(c) (Vernon 2003). If convicted, Scott faces a 
potential punishment range of life imprisonment or any term of imprisonment 
between five and ninety-nine years, and a fine of up to $10,000. See id. § 
12.32. However, if, at the punishment phase of trial, Scott proves by a 
preponderance of the evidence that he voluntarily released the victim in a safe 
place, the offense is reduced to a second degree felony. Id. § 20.04(d). The 
available punishment for a second degree felony ranges from two to twenty 
years imprisonment, and a fine of up to $10,000. See id. § 12.33. Scott is 
potentially eligible for probation because he has no prior felony convictions. 
See Tex. Code Crim. Proc. Ann. art. 42.12 § 4(e). 
        Although the circumstances surrounding the offense were not developed 
at the habeas hearing, after hearing argument from both sides, the trial court 
expressed concern regarding any potential bond reduction because of the 
“personal” nature of the case. Moreover, the indictment charges Scott with 
intentionally or knowingly abducting Davis by restraining her with the intent to 
prevent liberation by using or threatening to use deadly force. The indictment 
further indicates that Scott used or exhibited a deadly weapon—a 
firearm—during the commission of the offense. Given the serious nature of 
aggravated kidnapping, the use or exhibition of a deadly weapon, and the 
potential for a lengthy sentence, the trial court properly could have concluded 
that the bond was reasonable. 
        C. Ability to Make Bond 
        Scott requests that his bond be reduced to an amount not exceeding 
$25,000. The State contends that the evidence regarding what bond Scott can 
afford is insufficient to justify bond reduction. 
        The accused’s ability to make bond is merely one factor to be considered 
in determining the appropriate amount of bond. Tex. Code Crim. Proc. Ann. art. 
17.15(4); Brown, 959 S.W.2d at 372. Simply because a defendant cannot 
meet the bond set by the trial court does not automatically render the bond 
excessive. Id. “If the ability to make bond in a specified amount controlled, 
then the role of the trial court in setting bond would be completely eliminated, 
and the accused would be in the unique posture of determining what his bond 
should be. Ex parte Miller, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 
1982, pet. ref’d). 
        At trial, Scott testified that he and his family lacked sufficient assets or 
financial resources to post the $100,000 bond, but he did not detail either his 
or his family’s specific assets and financial resources, nor did he explain what 
efforts, if any, were made to furnish the bond. See Balawajder v. State, 759 
S.W.2d 504, 506 (Tex. App.—Fort Worth 1988, pet. ref’d) (noting that vague 
references to inability to make bond do not justify a reduction in the amount 
set); Miller, 631 S.W.2d at 827 (recognizing that it is incumbent on the 
accused to show that he has made an effort to furnish bond in amount set). 
Scott indicated that he believed his family could raise the bond fee if the bond 
were lowered to $25,000. He testified that prior to his arrest he was working 
as a forklift operator and he would be able to return to his job if he were 
released on bond. However, Scott presented no other witnesses or evidence 
regarding his ability to make bond. 
        D. Safety of the Victim 
        In determining the appropriate amount of bond, the future safety of the 
victim of the alleged offense is to be considered. Tex. Code Crim. Proc. Ann. 
art. 17.15(5); Ex parte Beard, 92 S.W.3d 566, 568 (Tex. App.—Austin 2002, 
pet. ref’d). At trial, Scott assured the court that he would not attempt to 
contact or to go near his wife if he were released on bond. Additionally, he 
agreed to abide by any conditions that the court might order if he were 
released, including wearing an electronic monitor. The State, however, 
opposed a bond reduction because Davis feared for her safety if Scott were 
released. The State indicated that Davis was receiving counseling to be able 
to testify against Scott at the trial on the merits, but she was too afraid to 
testify or even appear at the habeas proceeding. The State also noted that 
Davis was still living and working in the area and expressed concern that 
electronic monitoring would not deter Scott from going near Davis. The record 
reveals that the trial court was also concerned for Davis’s safety if Scott were 
released on bond. 
 

 
        E. Community Ties 
        Courts may also consider an accused's work record, family ties, and 
length of residency to determine what constitutes reasonable bond. See Rubac, 
611 S.W.2d at 849. Scott presented little evidence concerning his ties to the 
community. As previously indicated, Scott testified that he was employed as 
a forklift operator prior to his arrest, but he never said how long he had been 
employed at his job. He mentioned that he had two kids, ages eighteen and 
twenty, and that he was paying child support for the youngest one at the time 
of his arrest; however, he did not indicate where his children lived or the status 
of his relationship with them. Scott also mentioned his mother, but likewise 
never indicated where she lived or the status of his relationship with her. Based 
on the lack of evidence regarding Scott’s ties to the community, the trial court 
could have concluded that Scott’s community ties were insufficient to assure 
his appearance at trial. See, e.g., Brown, 959 S.W.2d at 373. 
IV. Conclusion 
        Affording due deference to the trial court’s ruling, we cannot say that the 
trial court acted arbitrarily or unreasonably by denying a reduction in the 
amount of Scott’s bond. Although the bond is high, Scott has failed to 
demonstrate that the bond set is excessive. See id. (affirming denial of 
reduction of $500,000 pretrial bond in capital murder case). Based on the 
nature and circumstances of the offense, concerns regarding the safety of the 
victim, the absence of evidence regarding Scott’s community ties, and his 
ability to make bond, the trial court could have properly concluded that Scott’s 
bond of $100,000 was reasonable. Because we hold that the trial court did not 
abuse its discretion in denying Scott’s request for bond reduction, we overrule 
Scott’s three points. We therefore affirm the order denying habeas corpus 
relief. 
 
                                                          SUE WALKER 
                                                          JUSTICE
 
PANEL A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ. 
 
PUBLISH
 
DELIVERED: November 20, 2003