COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-404-CR

 

 

EX PARTE

 

JEROME OVERSTREET

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                       I. 
Introduction

This is an appeal from the denial of habeas
corpus relief requesting bail reduction. 
In three points, Appellant Jerome Overstreet contends that the trial
court erred by denying his application for bail reduction and ordering that
bail continue to be set in the amount of $500,000.  We will affirm.








                   II.  Factual and Procedural Background

In November 2007, Overstreet was arrested for and
charged with murdering his wife.  The
magistrate set bail at $100,000.  In May
2008, a grand jury returned an indictment against Overstreet for capital murderCmurder
in the course of committing aggravated sexual assaultCand the
bond was held insufficient.  On August 4,
2008, the trial court held a hearing to set bail.  Overstreet=s bail
was then set to $500,000.  On September
18, 2008, Overstreet filed an application for writ of habeas corpus, asserting
that the bail was excessive and requesting a reduction in the bail amount.  On November 4, 2008, the court denied the
requested relief.  This appeal followed.

                                      III. 
Excessive Bail








In three points, Overstreet contends that the
trial court erred by denying his application for bail reduction because
$500,000 is an excessive amount.  He
complains that the bail amount violates his rights under the Eighth and
Fourteenth Amendments to the United States Constitution; article I, sections 11
and 13 of the Texas Constitution; and articles 1.07, 1.09, and 17.15 of the
Texas Code of Criminal Procedure.  The State
maintains that the trial court did not abuse its discretion by denying his
request because $500,000 is reasonable when applying the factors under section
17.15 of the Texas Code of Criminal Procedure. 
Overstreet=s brief combines the argument
for his three points, and we will likewise combine our analysis.

A.     Standard
of Review

We review the trial court=s denial
of a bail-reduction request under an abuse of discretion standard.  See Ex parte Rubac, 611 S.W.2d 848, 850
(Tex. Crim. App. [Panel Op.] 1981); Ex parte Brown, 959 S.W.2d 369, 372
(Tex. App.CFort Worth 1998, no pet.); see
also Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005) (giving trial
court discretion to set amount of bail). 
To determine whether a trial court abused its discretion, we must decide
whether the trial court acted without reference to any guiding rules or
principles; in other words, whether the act was arbitrary or unreasonable. Montgomery
v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991) (op. on reh=g).  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id.








The primary purpose of an appearance bond is to
secure the presence of the defendant at trial on the offense charged.  Ex parte Vasquez, 558 S.W.2d 477, 479
(Tex. Crim. App. 1977).  Accordingly,
bail should be set high enough to give reasonable assurance that the defendant
will appear at trial, but it should not operate as an instrument of
oppression.  Id.  In a habeas proceeding, the burden of proof
is on the defendant to show that the bail, as set, is excessive.  Rubac, 611 S.W.2d at 849.

Article 17.15 of the Texas Code of Criminal
Procedure sets forth the following criteria for establishing a defendant=s bail
amount:

1.  The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with.

 

2.  The power to require bail is not to be so
used as to make it an instrument of oppression.

 

3.  The nature of the offense and the
circumstances under which it was committed are to be considered.

 

4.  The ability to make bail is to be regarded,
and proof may be taken upon this point.

 

5.  The future safety of a victim of the alleged
offense and the community shall be considered.

 

Tex. Code Crim. Proc. Ann. art. 17.15. 
In addition to these factors, the court should also weigh the following
factors in determining the amount of the bail: 
(1) the accused=s work record; (2) the accused=s family
ties; (3) the accused=s length of residency; (4) the
accused=s prior
criminal record, if any; (5) the accused=s
conformity with the conditions of any previous bond; (6) the existence of
outstanding bonds, if any; and (7) aggravating circumstances alleged to have
been involved in the charged offense.  Rubac,
611 S.W.2d at 849B50; Brown, 959 S.W.2d at
372.








B.     The
Nature and Circumstances of the Offense

The nature of the offense and the circumstances
surrounding the offense are primary factors in determining what constitutes
reasonable bail.  Tex. Code Crim. Proc.
Ann. art. 17.15(3); see Ex parte Davila, 623 S.W.2d 408, 410 (Tex. Crim.
App. [Panel Op.] 1981).  In considering
the nature of the offense, it is proper to consider the possible
punishment.  Vasquez, 558 S.W.2d
at 479B80.  When the nature of the offense is serious and
involves aggravating factors, a lengthy prison sentence following trial is
probable.  In re Hulin, 31 S.W.3d
754, 760 (Tex. App.CHouston [1st Dist.] 2000, no
pet.).  Therefore, pretrial bail must be
set sufficiently high to secure the presence of the accused at trial because
the accused=s reaction to the prospect of a
lengthy sentence might be to not appear. 
Id. at 761.








Overstreet is charged with capital murderCmurder
in the course of committing aggravated sexual assaultCa
capital felony.  Tex. Penal Code Ann. ' 19.03(a)(2)
(Vernon 2005).  If convicted, Overstreet
faces an automatic life sentence without the possibility of parole.  See id. ' 12.31.  Although the circumstances surrounding the offense
were not fully developed at the habeas hearing, the indictment charges
Overstreet with causing the death of his wife by traumatic asphyxiation.  The indictment further indicates that
Overstreet committed the murder of his wife while committing, or attempting to
commit, the offense of aggravated sexual assault.  Given the serious nature of capital murder,
aggravated sexual assault, and the potential for the sentence of life without
parole, the trial court properly could have concluded that the bail was
reasonable.  See Ex parte Scott,
122 S.W.3d 866, 868 (Tex. App.CFort
Worth 2003, no pet.) (reasoning that when a defendant is charged with a serious
offense that involves a potentially lengthy sentence, the trial court can,
within its discretion, set a sufficiently high bail to secure the presence of
the accused).

C.     Ability
to Make Bond

The accused=s
ability to make bond is merely one factor to be considered in determining the appropriate
amount of bail.  Tex. Code Crim. Proc.
Ann. art. 17.15(4); Brown, 959 S.W.2d at 372.  Simply because a defendant cannot secure bond
for the bail set by the trial court does not automatically render the bail
excessive.  Id.  If the ability to make bond in a specified
amount controlled, then the role of the trial court in setting bail would be
completely eliminated, and the accused would be in the unique posture of
determining what his bail should be.  Ex
parte Miller, 631 S.W.2d 825, 827 (Tex. App.CFort
Worth 1982, pet. ref=d).








At trial, Overstreet did not testify or otherwise
demonstrate his financial capacity or attempts to furnish bond.  The only evidence of Overstreet=s
financial affairs comes from Overstreet=s father
and Sonya RossCOverstreet=s
paramourCwho both
testified at the habeas hearing. 
Overstreet=s father testified that he was
unsure of Overstreet=s financial affairs.  Specifically, when asked how much Overstreet
could raise by selling his assets, Overstreet=s father
said, A[W]hat
would have to be figured out would be what he owes, and right now I don=t know
all the things that he owes, you know.  I
would have to figure up everything.@  When testifying about his own financial
affairs, Overstreet=s father was equally vague.  When asked whether he had Alarge
sums of cash at [his] disposal,@
Overstreet=s father replied, AI have
some.  I don=t know
about large.@ 
But Overstreet=s father never testified
concerning his financial resources or his own assets, nor did he explain what
efforts, if any, were made to furnish Overstreet=s bond.  See Balawajder v. State, 759 S.W.2d 504,
506 (Tex. App.CFort Worth 1988, pet. ref=d)
(noting that vague references to inability to make bond do not justify a
reduction in the amount set); Miller, 631 S.W.2d at 827 (recognizing
that it is incumbent on the accused to show that he has made an effort to
furnish bond in the amount set). 
Likewise, Ross was equally vague about Overstreet=s
finances.  When asked whether Overstreet
owes money on his vehicles, Ross responded, AI am not
for sure.@








At the hearing, there was testimony that
Overstreet owned three vehicles and a home in Wichita, Kansas.  But the record is void of anything to suggest
that Overstreet has attempted to leverage these assets in an effort to furnish
his own bond.  See Miller,
631 S.W.2d at 827.  There was also
testimony that Oversteet was currently incarcerated and that he had lost his
job when he was arrested.  But again, the
record is void of any documents pertaining to Overstreet=s bank
accounts, potential cash reserves, etc. 
Because Overstreet demonstrated little evidence supporting his claimed
inability to make bail and no evidence regarding his efforts to secure bond,
the trial court could properly have concluded that the amount of bail was
reasonable under the circumstances. 
See Scott, 122 S.W.3d at 870.

D.     Safety
of the Community








In determining the appropriate amount of bail, the
future safety of the community is to also be considered.  Tex. Code Crim. Proc. Ann. art. 17.15(5); Ex
parte Beard, 92 S.W.3d 566, 568 (Tex. App.CAustin
2002, pet. ref=d).  The evidence presented at the hearing
suggests that Overstreet followed his wife to Texas, where she had fled from
his repeated physical and verbal abuse. 
The charged crime is of a violent natureCmurder
by asphyxiation during an attempted aggravated sexual assault.  Furthermore, Overstreet has previously been
convicted of drug-related offenses in California and Kansas.  See Maldonado v. State, 999 S.W.2d 91,
97 (Tex. App.CHouston [14th Dist.] 1999, pet.
ref=d)
(stating that it is a matter of common sense that those who possess illegal
drugs pose a danger to the community in which they live).  With the safety of the community as a
backdrop, the trial court properly could have concluded that Overstreet=s bail
was reasonable considering the allegations of his domestic abuse and his
previous criminal history.

E.     Community
Ties

Courts may also consider an accused=s work
record, family ties, and length of residency to determine what constitutes
reasonable bail.  See Rubac, 611
S.W.2d at 849.  Overstreet has never
resided or worked in Tarrant County.  In
fact, Overstreet is a resident of Wichita, Kansas.  The evidence reveals that he traveled to
Texas only after learning that his wife had moved to Grapevine.  Based on the evidence regarding Overstreet=s lack
of ties to the community, the trial court could have concluded that Overstreet=s
community ties were insufficient to assure his appearance at trial.  See, e.g., Brown, 959 S.W.2d at
373 (holding that bail of $500,000 for alleged capital murder was not
excessive, when defendant faced life imprisonment or death penalty and did not
have any close ties to the community to assure his appearance at trial).

F.      Other
Factors








A court should also weigh the accused=s prior
criminal record, if any; the accused=s
conformity with the conditions of any previous bond; the existence of
outstanding bonds, if any; and aggravating circumstances alleged to have been
involved in the charged offense.  Rubac,
611 S.W.2d at 849B50; Scott, 122 S.W.3d at
869.  There is no evidence in the record
that Overstreet has ever failed to conform with the conditions of a previous
bond.  But the record does demonstrate
that he has multiple previous convictions for drug-related offenses.  Furthermore, the trial court would have been
well within its discretion to consider the heinous nature of the crime Overstreet
has been charged with, to wit:  having
murdered his wife by asphyxiation during the commission of an aggravated sexual
assault.  Given these additional factors,
the trial court properly could have concluded that the bail should not be
reduced.

                                        IV. 
Conclusion








Affording due deference to the trial court=s
ruling, we cannot say that the trial court acted arbitrarily or unreasonably by
denying a reduction in Overstreet=s bail
amount.  Overstreet has failed to
demonstrate that the set bail is excessive. 
See Brown, 959 S.W.2d at 371 (affirming denial of reduction of
$500,000 pretrial bail in capital murder case); see also Ex parte Jackson,
257 S.W.3d 520, 523 (Tex. App.CTexarkana
2008, no pet.) (declining to reduce $750,000 bail for defendant charged with
capital murder); Ex parte Wilson, No. 01‑00‑00140‑CR,
2000 WL 964570, at *2 (Tex. App.CHouston
[1st Dist.] July 12, 2000, no pet.) (not designated for publication) (holding
that bail of $500,000 in murder case was not excessive even though defendant
lacked a criminal record, willingly surrendered to police when being arrested,
posed no threat to the community, and was willing to wear a monitoring
device).  We hold that the trial court
did not abuse its discretion by denying Overstreet=s
request for bail reduction and overrule his three points.  We therefore affirm the trial court=s order
denying habeas corpus relief.

 

PER
CURIAM

 

PANEL:  MEIER, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 23, 2009











[1]See Tex. R. App. P. 47.4.