Affirmed and Memorandum
Opinion filed January 13, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00715-CR

NO. 14-10-00716-CR

NO. 14-10-00717-CR

____________

 

EX PARTE ROBERT RANDALL LONG 

 

 



 

On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause Nos. 1216882, 1235282, 1199409 

 



 

M E M O R
A N D U M   O P I N I O N

Appellant is charged with three offenses of theft.  The trial
court set bond at amounts of $25,000.00,[1]
$680,000.00,[2] and $75,000.00.[3] 
Appellant filed a pre-trial application for writ of habeas corpus seeking a
bond reduction in each case.  On July 9, 2010, the trial court denied
appellant’s application in each case.  From those orders denying his
applications, appellant filed a notice of appeal in each case.

In his brief, appellant does not challenge the bond amounts
of $25,000.00 and $75,000.00.  Appellant’s brief only claims the bond amount o
f $680,000.00 is excessive.  

 “To show that he is unable to make bail, a defendant
generally must show that his funds and his family’s funds have been exhausted.” 
Milner v. State, 263 S.W.3d 146, 149 (Tex. App. – Houston [1st Dist.]
2006, no pet.).  The only hearing record is that of March 1, 2010, and it contains
no evidence regarding appellant’s inability to make bond.  The only evidence
offered in support of appellant’ s claim that he is unable to make bond is the
affidavit of his attorney, Amen O. Obas, which states, in pertinent part:

I am a [sic] aware that the defendant has
attempt [sic] to post bond and he has not been able to raise the bond amount of
$680,000.00 for the cash bond and have [sic] not been able to raise the
$68,000.00 with the property worth $680,000.00 that is being requested by the
professional bonds men.  

 

Appellant’s acknowledges he has previously posted bond for a total amount
of $100,000.00.  

There is no evidence in the record regarding appellant’s
assets and financial resources.  See Cooley v. State, 232 S.W.3d 228,
236 (Tex. App. – Houston [1st Dist.] 2007, no pet.).  Obas’ vague references to
appellant’s inability to secure a bond do not justify a reduction in the amount
set.  See Balawajder v. State, 759 S.W.2d 504, 506 (Tex. App. – Fort
Worth, 1988, pet. ref’d).  Because appellant has offered no evidence supporting
his claimed inability to make bail and little evidence regarding his efforts to
secure bond, the trial court could properly have concluded that the amount of
bail was reasonable under the circumstances.  See Ex parte Scott, 122
S.W.3d 866, 870 (Tex. App. – Fort Worth 2003, no pet.). 

Accordingly, in each case we affirm the judgment of the trial
court.

 

PER CURIAM

  

 

Panel consists of Justices
Brown, Boyce, and Jamison.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1] Appeal No.
14-10-00715-CR; trial court cause no. 1216822.





[2] Appeal No. 14-10-00716-CR;
trial court cause no. 1235282.





[3] Appeal No.
14-10-00717-CR; trial court cause no. 1199409.