Dismissed and Memorandum Opinion filed January 13, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00984-CR

NO. 14-10-00985-CR

NO. 14-10-00986-CR

NO. 14-10-00987-CR

____________

 

EX PARTE ROBERT LYLES 

 

 



 

On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause Nos. 1280597, 1280598, 1280599,
1280600 

 



 

M E M O R
A N D U M   O P I N I O N

Appellant is charged with three offenses of forgery and
engaging in organized criminal activity.  The trial court set pre-trial bond at
amounts of $500,000.00, $350,000.00, $75,000.00, and $75,000.00, for a total of
$1,000,000.00.  Appellant filed a pre-trial application for writ of habeas
corpus seeking a bond reduction in each case.  On September 17, 2010, the trial
court denied appellant’s application in each case.  From those orders denying
his applications, appellant brings these appeals.

The trial court initially set no bond on each of appellant’s
cases, following a hearing held May 4 and 5, 2010.  According to appellant’s
brief, on July 7, 2010, the trial court conducted a hearing and re-set bond to
the amounts set forth above.  Appellant then filed the applications for writ of
habeas corpus that are the subject of these appeals.  In all four appeals,
appellant claims the bond is excessive and asserts he has made a genuine effort
to post the bond.  

 “To show that he is unable to make bail, a defendant
generally must show that his funds and his family’s funds have been exhausted.” 
Milner v. State, 263 S.W.3d 146, 149 (Tex. App. – Houston [1st Dist.]
2006, no pet.).  There is no record of the hearing held July 7, 2010.  The
record of the hearing conducted in May 2010 contains no evidence regarding
appellant’s inability to make bond.  The only evidence offered in support of appellant’s
claim that he is unable to make bond is the affidavit of Tracy Himes, his
daughter.  Himes claims:

I have tried to post these bonds with several bonding
companies; however I have been unsuccessful in making these bonds.  I have met
with Robert Lyles and he lacks the collateral and cash required to make bonds
of this high nature.  Each bonding company has stated that they would require
10% cash of all bonds, which would total $1,000,000.00[[1]] and in addition they
would also require collateral in the amount of over $1,000,000.00.  As such
Robert Lyles is unable to post bonds in this amount.  

 

Appellant’s brief acknowledges he has previously posted bond for a total
amount of $130,000.00.  

There is no evidence in the record regarding appellant’s
assets and financial resources.  See Cooley v. State, 232 S.W.3d 228,
236 (Tex. App. – Houston [1st Dist.] 2007, no pet.).  Himes’ vague references
to her inability to secure a bond do not justify a reduction in the amount
set.  See Balawajder v. State, 759 S.W.2d 504, 506 (Tex. App. – Fort
Worth, 1988, pet. ref’d).  Because appellant has offered no evidence supporting
his claimed inability to make bail and little evidence regarding his efforts to
secure bond, the trial court could properly have concluded that the amount of
bail was reasonable under the circumstances.  See Ex parte Scott, 122
S.W.3d 866, 870 (Tex. App. – Fort Worth 2003, no pet.). 

Accordingly, in each case we affirm the judgment of the trial
court.

 

PER CURIAM

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1] Himes’ math is incorrect --
ten percent of the total amount is $100,000.00.