ACCEPTED
01-15-00288-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/6/2015 4:44:56 PM
CHRISTOPHER PRINE
CLERK

IN THE COURT OF APPEALS

FIRST SUPREME JUDICIAL DISTRICT

HOUSTON, TEXAS

NO. 01-15-00288-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/6/2015 4:44:56 PM

CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| **KEITH W. GOODSON,** | § | |
| Appellant | § | |
| | § | **On Appeal from the** |
| | § | **184th District Court of** |
| vs. | § | **Harris County, Texas** |
| | § | **Cause No. 1457737** |
| **THE STATE OF TEXAS,** | § | |
| Respondent | § | |

## MOTION FOR REHEARING

COMES NOW, Appellant, Keith W. Goodson, by and through his attorney of record, Whitney C. Kubik and files this, his Motion for Rehearing for the following reasons:

### I. THE COURT'S DECISION PLACES AN INAPPROPRIATE BURDEN ON THE DEFENDANT TO TESTIFY

Respectfully, this Court's opinion, dated April 21, 2015, places an improper burden on the Appellant's testimony. Based on the decision of this Court, a defendant is required to choose between two constitutional rights – his right to be released on reasonable bail or his right not to testify.

The Court correctly cites the law regarding the non-controlling weight of the defendant's ability to make bond; however, the Court asserts that Appellant failed to prove that he was unable to post the set bond, citing on *Scott* and *Balawajder*. This case is readily distinguishable by those cited by the Court.

In *Ex parte Scott*, the defendant was charged with aggravated kidnapping, and the trial court cited the "'personal' nature" of the offense as a reason for setting a high bond. The only evidence presented in *Scott* was the defendant's testimony. Additionally, the paragraph cited by this Court in full states:

At trial, Scott testified that he and his family lacked sufficient assets or financial resources to post the $ 100,000 bond, but he did not detail either his or his family's specific assets and financial resources, *nor did he explain what efforts, if any, were made to furnish the bond. See Balawajder v. State*, 759 S.W.2d 504, 506 (Tex. App.--Fort Worth 1988, pet. ref'd) (noting that vague references to inability to make bond do not justify a reduction in the amount set); *Miller*, 631 S.W.2d at 827 (recognizing that it is incumbent on the accused to show that he has made an effort to furnish bond in amount set). Scott indicated that he believed his family could raise the bond fee if the bond were lowered to $ 25,000. He testified that prior to his arrest he was working as a forklift operator and he would be able to return to his job if he were released on bond. However, Scott presented no other witnesses or evidence regarding his ability to make bond. *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003) (emphasis added).

As was the case in *Scott*, the defendant in *Balajwader* was charged with violent offenses – aggravated rape and aggravated robbery. In both *Scott* and *Balajwader*, the courts relied on the violent nature of the offenses charged, which is not present in this case. Additionally, here, there were no "vague references" to Appellant's ability to make bond. *Balawajder v. State*, 759 S.W.2d 504, 506 (Tex. App.—Fort Worth, 1988, pet. ref'd.).

Here, Appellant offered the testimony of Woodley Fisher, licensed bail bondsman, and Misti Goodson, Appellant's wife. Their testimony demonstrated that Appellant attempted to post the bond and was unable to do so, which is the defendant's burden under the law. *Ex parte Bogia*, 56 S.W.3d 835, 837 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Both Fisher and Goodson testified that multiple family and friends supplied information to cosign on the bond. (R.R. 10). Fisher testified that he reviewed the Goodson's financial information, including assets and banking information, and based on the information provided, his professional opinion is that Appellant would not be able to post a bond greater than $75,000. (R.R. 10-11). The evidence presented at the hearing is sufficient to meet the Appellant's burden of proving that he was unable to post the current bond.

By holding that Appellant did not meet this burden, the Court is requiring a defendant to take the stand and prove up the specifics of his financial situation, which he is not required to do under the law. The decision of this Court creates a situation where a defendant is forced to choose between his Fifth Amendment right not to testify and his Eighth Amendment right to be released on reasonable bond.

## II. THE COURT'S DECISION RELIES ON A STRING OF UNPUBLISHED CASES TO SUPPORT ITS CONCLUSION

This decision relies on a string of unpublished cases that lack the proper authority to uphold the current bail. This is incongruous of the legal framework of precedential authority. TRAP 47.7(a). In addition, the only published case cited, is readily distinguishable from the present case.

In *Maldonado*, the defendant's bond was set at $2.5 million based on the same formula at issue here. However, the evidence presented on the behalf of Maldanado established that he had lived in Texas for less than a year, had no family in Texas, and the witnesses who testified in his defense could not affirmatively state that he would not flee the jurisdiction if released on bond. *Maldonado v. State*, 999 S.W.2d 91, 94 (Tex. App.— Houston [14th Dist.] 1999, pet. ref'd). This case is more similar to the distinctions provided in *Maldanado* than the facts of *Maldanado*. Maldonado relied on *Ludwig v. State*, 812 S.W.2d 323 (Tex. Crim. App. 1991) to support the reduction of bail. Ludwig stood charged of capital murder, and the Court rejected Maldonado's argument stating:

> Specifically, the courts noted the defendant: (1) was a long-time resident of Texas (2) owned real property in the State; (3) held a license to practice veterinary medicine in Texas and had such a practice in the Katy, Texas; (4) had several close relatives, also long-time Texas citizens, willing to sign an appearance bond; (5) was currently involved in a child custody proceeding in Harris County that would require his presence; and (6) had his assets frozen by a temporary court order issued in connection with his divorce. *See id.* at 324. The court concluded that both the trial court and the court of appeals had placed too much emphasis on the future safety of other potential victims in light of the evidence relevant the other factors listed in article 17.15. *See id.* at 325.

> Clearly, the facts relied on by the court in *Ludwig* are distinguishable from those presented in this case. As we have already noted, appellant, unlike the defendant in *Ludwig*, has no significant ties to the county or even to the State. The only commonality we see between the two cases is that both defendants were charged with serious offenses. If anything, *Ludwig* actually supports the trial court's decision to set a high bail considering the little assurance presented that appellant would remain in Harris County if his bail were reduced, given his lack of ties to the community and the nature of his alleged offense. *Maldonado*, 999 S.W.2d at 95-6.

Here, Appellant is not charged with a violent offense and provided evidence that Appellant has lived in the Houston area for over ten years, owned property in Houston for over ten years, has been married and has three children who attend schools in the Houston area, has close relatives who live in the Houston area, multiple relatives were willing to cosign to post

his bond, and the Appellant was willing to be subject to ankle monitoring and surrender his passport. Therefore, the Court incorrectly relied on *Maldonado* to support upholding such a high bond.

The Court rejected the published cases cited in Appellant's Brief, which are much more similar to the present facts and relied on a string of unpublished cases that have no authority and one published case, which is supports the reduction of bail in this particular case.

### III. THE COURT ERRONEOUSLY RELIES ON APPELLANT'S PREVIOUS FELONY CONVICTION IN SUPPORT OF ITS CONCLUSION

Respectfully, this decision erroneously relies on Appellant's previous felony conviction and successful completion of deferred adjudication as reason to uphold the bond. This Court states that "no evidence was presented at the hearing regarding the issue" of future safety of complainants and the community. The Court further asserts the previous felony conviction was only addressed by the State when prompted by the trial court. However, evidence of the conviction was offered by the Appellant through the testimony of Fisher, who testified the successful completion of the deferred adjudication led him to conclude Appellant was not a flight risk. (R.R. 10). While a defendant's criminal history is a factor, the fact that Appellant had successfully completed a previous deferred adjudication is a factor in favor of a bond reduction.

### CONCLUSION

In conclusion, this decision places an undue burden of testifying on the Appellant, which forces him to choose whether he wants to exercise his right to be released on reasonable bond or exercise his Fifth Amendment right not to testify. Furthermore, the Court relied on unpublished cases that lack authority and rejected the precedential authority from this Court presented in *Bogia*. Finally, the Court relied on the Appellant's previous felony conviction, when his successful completion of deferred adjudication is a factor that suggests the Appellant has a history of complying with obligations imposed by the Court.

FOR THESE REASONS, the Applicant respectfully prays that this Honorable Court grant this Motion for Rehearing in the above styled and numbered cause.


Respectfully submitted,

_Whitney C. Kubik_

Whitney C. Kubik
SBOT Number: 24090219
PO Box 310173
Houston, Texas 77231
Phone: 832.767.0794
Fax: 832.572.3961


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been delivered to counsel for the State via certified mail, return receipt requested on this the 6th day of May, 2015.

_Whitney C. Kubik_

Whitney C. Kubik