**Affirmed and Opinion Filed April 13, 2022.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00447-CR**
_____

**EX PARTE DONTE TAYLOR**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-02294-2021**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Donte Taylor appeals the trial court's order denying relief on his pretrial application for writ of habeas corpus seeking his release on a reduced bond pursuant to article 17.151 of the code of criminal procedure. We affirm the trial court's order.

### FACTS

On January 12, 2021, appellant was arrested in Dallas County on Denton County warrants for failure to appear to answer four aggravated assault charges. He was placed in the Denton County Jail on $50,000 bail for each case. On January 15, 2021, while confined in the Denton County Jail, appellant was arrested by Collin County for murder. On January 16, 2021, a Denton County Magistrate arraigned him for the Collin County murder offense and set a $1,000,000 bond. On April 9, 2021,

he was transferred to Collin County to stand trial. Appellant's bond was reduced to $750,000.

On May 3, 2021, appellant filed an application for writ of habeas corpus contending he was entitled to be released with a reduced bond under article 17.151 of the code of criminal procedure because he had been detained for more than ninety days without an indictment being returned. *See* TEX. CODE CRIM. PROC. art. 17.151, §1(1). On May 20, 2021, appellant was indicted in Collin County. The trial court denied habeas relief on May 24, 2021.

## STANDARD OF REVIEW

We review for an abuse of discretion a trial court's habeas determinations regarding alleged violations of article 17.151. *Ex parte Vanorman*, 460 S.W.3d 700, 702 (Tex. App.—Beaumont 2015, no pet.); *Ex parte Craft*, 301 S.W.3d 447, 448 (Tex. App.—Fort Worth 2009, no pet.) (mem. op. on reh'g). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or if its actions are arbitrary or unreasonable. *Ex parte Miller*, 442 S.W.3d 478, 481 (Tex. App.—Dallas 2013, no pet.). We review the evidence in the light most favorable to the trial court's ruling. *Vanorman*, 460 S.W.3d at 702; *Craft*, 301 S.W.3d at 448–49.

## ANALYSIS

In a single issue on appeal, appellant contends the trial court erred and abused its discretion by denying his writ application and refusing to set a reasonable bond pursuant to article 17.151. The statute, in relevant part, provides:

> Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

> (1) 90 days from the commencement of his detention if he is accused of a felony.

TEX. CODE CRIM. PROC. art. 17.151, §1(1).

The court of criminal appeals has stated article 17.151 has "the obvious legislative intent to provide assurance that an accused will not be held in custody indefinitely while the State is not at least prepared to bring him to trial." *Jones v. State*, 803 S.W.2d 712, 715 (Tex. Crim. App. 1991). Under the case law interpreting the relevant portion of article 17.151, the State is automatically considered not ready for trial if an indictment has not been returned within the ninety-day period. *Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021).

Assuming the State has indicted the defendant in a timely manner, an announcement by the State within the ninety days that it is ready for trial, or a retrospective announcement that was ready for trial within the ninety days, satisfies the State's burden and constitutes a prima facie showing of readiness. *Jones*, 803 S.W.2d at 717–18. The burden then shifts to the defendant to rebut the State's prima facie showing of readiness. *See Jones*, 803 S.W.2d at 718. The defendant may rebut

the State's showing of readiness by, for example, showing the State did not have a key witness or important evidence available within the ninety days. *Id.*

Appellant contends his period of detention under article 17.151 for the Collin County murder offense began on January 15, 2021 when Collin County arrested him in the Denton County Jail. Because he was not indicted until May 5, 2021, appellant contends 125 days elapsed and the State could not, as a matter of law, be ready for trial. As such, appellant maintains he is entitled to release under a reasonable bond he can afford. Appellant does not raise any other issues with the State's readiness.

In response, the State contends the ninety-day period should start when Collin County took custody of appellant on April 9, 2021. Under the State's theory, because appellant was detained for only forty-one days on the murder charge before he was indicted, habeas relief is unavailable because there was no unlawful confinement.

To support its position, the State relies upon two authorities that address inter-county transfers like the one in this case. In the first case, *Balawajder v. State*, the defendant was indicted in 1985 in Tarrant County for two felony offenses alleged to have occurred in 1983. *See Balawajder v. State*, 759 S.W.2d 504, 505 (Tex. App.—Fort Worth 1988, pet. ref'd). Although Tarrant County placed a detainer on the defendant in Oklahoma City where he was jailed, he was eventually transferred under another detainer to Dallas County, spent time in jail in Dallas County, Oklahoma, and California, and served time in a Texas prison. *Id.* at 505–06. On June 10, 1987, the defendant was arrested in Brazoria County to face the Tarrant County

charges and transferred to Tarrant County on June 14, 1987. *Id*. at 506. Without explaining its reasoning, the court of appeals rejected the defendant's argument that the ninety days began when he was charged in 1985, concluding instead that the State's ninety days did not begin until June 10, 1987 when the defendant was arrested at Tarrant County's behest. See *id*.

The second case the State cites is *Ex parte Remeika*, No. 10-09-00379-CR, 2010 WL 1495746 (Tex. App.—Waco Apr. 14, 2010, pet. dism'd) (mem. op., not designated for publication). The defendant in *Remeika* was confined in the Madison County jail on a Madison County charge. *See Remeika*, 2010 WL 1495746, at *1. On April 23, 2009, Walker County placed a detainer on the defendant for a Walker County arrest warrant. *Id*. On April 24, 2009, a Madison County magistrate arraigned the defendant on the Walker County arrest warrant and paperwork was served on him. After the defendant made bond on the Madison County charge, he was transferred to Walker County on September 1, 2009 where bond was set at $25,000. He then filed for habeas relief, contending Walker County had detained him since April 23, 2009 without an indictment, and he was, therefore, entitled to release under article 17.151. *Id*.

The court of appeals rejected the defendant's contention. The court reasoned that the paperwork from his arraignment showed he was not arrested on the Walker County charge when the Madison County Justice of the Peace arraigned him on April 23. *Remeika*, 2010 WL 1495746, at *2. Further, while in the Madison County

jail, the defendant was being detained on the Madison County charge and not the Walker County charge. *Id*. The appellate court concluded the State's ninety-day period to show it was ready for trial did not begin until the defendant was transferred to Walker County. *Id*.

The State does not contest that Collin County arrested appellant on the murder charge on January 15, 2021. The trial court's conclusions of law, drafted by the State, conclude appellant was arrested on the murder charge. The State instead contends article 17.151, by its terms, is triggered by detention and not by arrest. Thus, the State argues *Balawadjer and Remeika* support its position because, although they calculate the commencement of the ninety days from the defendants' arrests, in each case, the article 17.151 clock commences to run when the charging county obtains control over the defendant. When a defendant is detained and controlled by another county on extraneous charges, the charging county cannot compel the other county to transfer the defendant to its custody and the State cannot try the defendant without first having control over him. Thus, the State argues, its article 17.151 clock did not begin to run until April 9 when appellant was transferred into Collin County's custody and control.

In addressing the State's authorities, appellant points out that in *Balawajder,* the appellate court concluded the State's time began to run on June 10, 1987—the date Tarrant County formally arrested the defendant in the Brazoria County Jail— rather than from June 14, 1987, when he was transferred to Tarrant County. Thus,

appellant contends, *Balawajder* shows the ninety days should run from the date of his arrest on January 15, 2021.

Appellant points out that in *Remeika*, the appellate court highlighted that Remeika had a detainer placed against him, but was not formally arrested until he was transferred to Walker County. Appellant contends his arrest distinguishes his case from the facts of *Remeika*. Appellant cites no cases holding that article 17.151 applies even when the State has no right to control the defendant and no power to bring him to trial pending resolution of charges in another jurisdiction.

We agree with the State that both *Balawajder* and *Remeika* support its position. In both cases, the appellate courts concluded the State's ninety days under article 17.151 did not begin to run until the State obtained custody of the defendant. *See Balawajder*, 759 S.W.2d at 506; *Remeika*, 2010 WL 1495746, at *2.

Although appellant correctly notes that the appellate court in *Balawajder* determined the statutory ninety days ran from the date of arrest in Brazoria County four days before the defendant was physically transferred to Tarrant County, the opinion also states that Brazoria County arrested and detained him at Tarrant County's request. *See Balawajder*, 759 S.W.2d at 506. Because the defendant was not detained to face any Brazoria County charges, it was clear the defendant was detained solely to stand trial in Tarrant County and, therefore, he was detained for purposes of article 17.151 from the date of his arrest. *See id.*

Although the appellate court in *Remeika* did mention the placement of a detainer rather than an arrest of the defendant as a factor in its decision, it did so in the context of determining that it was Madison County, rather than Walker County, that had the defendant detained for purposes of article 17.151. *See Remeika*, 2010 WL 1495746, at *2. The appellate court ultimately held that it was the transfer to Walker County that started the State's time clock to be ready for trial. *Id*. Moreover, in a subsequent case, the appellate court reaffirmed its holding in *Remeika* that when a defendant is held on charges in one county and then transferred to a second county for trial on different charges, the time period for the State to be ready for trial under article 17.151 does not commence for the transferee county until the transferee county receives custody of the defendant. *See Ex parte Smith*, No. 10-13-00243-CR, 2014 WL 702812, at *1 (Tex. App.—Waco Feb. 20, 2014, no pet.) (mem. op., not designated for publication).

We agree with *Balawajder, Smith*, and *Remeika* that when a defendant facing charges in multiple counties is transferred from one county to another to stand trial, the date when custody of the defendant is transferred is the proper point for starting the State's time clock under article 17.151 for the transferee county.

The purpose of article 17.151 is to ensure that the State is diligent in preparing for trial so the defendant does not languish in jail. *See Jones*, 803 S.W.2d at 715. In construing the statute, we presume the legislature enacted it intending a just and reasonable result. *See* TEX. GOV'T CODE ANN. § 311.021.

Article 17.151 does not require merely that the State indict a defendant accused of a felony within 90 days, it requires the State to release the defendant from custody if the State is not actually ready for trial within 90 days. *See* TEX. CODE CRIM. PROC. art. 17.151, §1(1); *Lanclos*, 624 S.W.3d at 926. It does not advance the purpose of the statute to start the State's time clock to be ready for trial when the defendant is detained on other charges in a different jurisdiction and the State may not, as illustrated by *Balawajder*, be able to obtain control over the defendant and the power to try the defendant for an uncertain period of time that might stretch into years. *See Jones*, 803 S.W.2d at 715; *Balawajder*, 759 S.W.2d at 505–06.

Running the statute from the time the State obtains control over the defendant, rather than from some earlier period when a defendant is in the custody of another jurisdiction, also encourages the State to take timely action to secure future pretrial detention of persons under the control of other jurisdictions, and promotes a just and reasonable result by making it less likely that an individual will be released purely because of the State's lack of attention to an obscure time clock that does not serve justice or the statute's purpose.

Accordingly, under the facts presented in this case, we conclude the State's time period to be ready for trial under article 17.151 did not begin until April 9, 2021, when Collin County received appellant into custody with the power to bring him to trial. *See Balawajder*, 759 S.W.2d at 506; *see also Smith*, 2014 WL 702812, at *1; *Remeika*, 2010 WL 1495746, at *2.

Finding no abuse of discretion by the trial court in denying habeas relief pursuant to article 17.151 of the code of criminal procedure, we affirm the trial court's order denying appellant's application for writ of habeas corpus.

> /Robbie Partida-Kipness/
> ROBBIE PARTIDA-KIPNESS
> JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210447F.U05



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

EX PARTE DONTE TAYLOR

No. 05-21-00447-CR

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-02294-2021.
Opinion delivered by Justice Partida-Kipness. Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered April 13, 2022