**Affirmed and Memorandum Opinion filed January 4, 2024.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-23-00317-CR

———————

## EX PARTE PATRICK DONEL GREENE

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1814197**

## MEMORANDUM OPINION

Appellant Patrick Donel Greene brings this habeas appeal from from the trial court's habeas-corpus judgment maintaining bail at $180,000 in association with a murder charge. We affirm.

### BACKGROUND

On March 20, 2022, appellant was placed in custody in Prince George's County, Maryland, in association with a charge for unlawfully carrying a weapon in violation of Maryland law. On March 22, 2022, in connection with appellant having been identified as a suspect in a shooting death in Texas, Harris County authorities put a hold on appellant while he remained in custody in Maryland.

Appellant was ultimately sentenced to time served on the Maryland charge, which he testified resulted in a 297-day sentence of imprisonment. Assuming appellant actually began serving that sentence on March 20, 2022, his sentence would have ended on January 11, 2023. In the immediate aftermath of appellant completing his sentence, he remained in custody in Maryland, though no evidence was provided during the trial court's proceedings about why he remained in Maryland custody. However, appellant testified that about two weeks after he completed his Maryland sentence he was placed in custody by Harris County. After initially having bail set at $200,000, and after appellant was indicted on his Texas murder charge on February 17, 2023, appellant's bail was ultimately reduced to $180,000 on February 28, 2023.

On April 5, 2023, appellant filed an application for a writ of habeas corpus. Essentially, the application contended that the State was not ready for trial within the time specified by article 17.151 of the Texas Code of Criminal Procedure. Because of this, appellant asserts he was entitled to be released either on personal bond or by a reduction of bond to an amount appellant could post. The trial court held a hearing on April 18, 2023, and denied the application in an order signed that same day. This appeal followed.

## ANALYSIS

We review a trial court's decision on a challenge pursuant to article 17.151 for an abuse of discretion. *See Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, a trial court abuses its discretion when it applies an erroneous legal standard or when no reasonable view of the record supports the trial court's conclusion under the correct law and facts viewed in the light most

2

favorable to its legal conclusion. *See Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Under article 17.151, "[a] defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within[] 90 days from the commencement of his detention if he is accused of a felony." Tex. Code Crim. Proc. Ann. art. 17.151, § 1.

In his sole issue on appeal, appellant contends that he had been detained for more than 90 days when he sought and was subsequently denied habeas relief. Thus, appellant contends, the habeas court erred when it declined to reduce bail to an affordable amount and further declined to release him on a personal bond. Whether appellant is entitled to relief depends on when the "commencement of his detention" began.

Appellant argues his "detention" for purposes of article 17.151 began when Harris County authorities placed a hold on him while he was in custody in Maryland. The State's arguments assert appellant's relevant "detention" began much later, when appellant was transferred to Harris County custody. We agree with the State.

When Harris County authorities placed a hold on appellant, he was already in custody of Maryland authorities. While he was detained in Maryland, Harris County had no ability to exercise direct control over appellant or conduct in-person proceedings in Harris County. The Dallas Court of Appeals emphasized similar facts in *Ex parte Taylor*, ultimately concluding that a Texas authority's time for getting ready for trial under article 17.151 begins when it obtains control over a defendant, rather than an earlier time when the defendant is in another

jurisdiction's custody. *See* No. 05-21-00447-CR, 2022 WL 1101693, at \*4 (Tex. App.—Dallas Apr. 13, 2022, no pet.). As the court observed, "[i]t does not advance the purpose of [article 17.151] to start the State's time clock to be ready for trial when the defendant is detained on other charges in a different jurisdiction and the State may not . . . be able to obtain control over the defendant and the power to try the defendant for an uncertain period of time." *Id.*

The *Taylor* court's conclusion is not only consistent with our conclusion, but is also consistent with two other Texas Courts of Appeals that have considered similar circumstances, where a jurisdiction first attempts to exercise some control over a defendant in another jurisdiction's custody. *See Ex parte Remeika*, No. 10-09-00379-CR, 2010 WL 1495746, at \*2 (Tex. App.—Waco Apr. 14, 2010, writ struck); *Balawajder v. State*, 759 S.W.2d 504, 506 (Tex. App.—Fort Worth 1988, pet. ref'd). Appellant has not provided us with, nor has our research revealed, any Texas Court of Appeals opinion concluding that the 90-day time frame set by article 17.151 begins while a defendant is in the custody of a different jurisdiction, when the State authority has done no more than placed a hold or taken some other step to exercise control over the defendant once the other jurisdiction releases the defendant from its control. We are hesitant to deviate from what our sister courts of appeals have decided without a compelling reason, and appellant has not provided one to this court. *See Martinez v. Hous. McLane Co., LLC*, 414 S.W.3d 219, 225 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

We accordingly conclude that, for purposes of reviewing whether appellant was entitled to release on personal bond or a reduced bail amount under article 17.151, the "commencement of his detention" is deemed to have begun when he was transferred to Harris County custody. However, the evidence provided by the parties is imprecise about when exactly that occurred. In particular, the parties' evidence contains several estimates of when key events occurred, namely when

4

appellant was taken into custody in Maryland on a Maryland charge, what date the sentence on his Maryland charge ended, and the date appellant was taken to and detained by Harris County.

However, for purposes of this appeal, this court does not need to ascertain what specific date appellant was transferred to Harris County custody. As previously noted, we need only determine whether the facts, when viewed in the light most favorable to the trial court's legal conclusion, support denying appellant habeas relief. *See Nicholas*, 56 S.W.3d at 765.

The trial court did not make any specific finding as to when Harris County took custody of appellant, but more generally, but it implicitly found that on April 18, 2023, 90 days had not elapsed with appellant in Harris County custody. Stated differently, the trial court implicitly held appellant had been taken into Harris County custody no earlier than January 18, 2023, or 90 days before the trial court denied habeas relief. Thus, to resolve this habeas corpus appeal, we only need to determine whether the trial court could have reasonably found Harris County took appellant into custody no earlier than January 18, 2023. *See Ex parte Flores*, 483 S.W.3d 632, 639 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (acknowledging that under the abuse-of-discretion standard, appellate courts must "defer to implied factual findings supported by the record").

The evidence in the record is sufficient to support the trial court's judgment. Simply by using appellant's testimony as to when relevant events occurred, the trial court could reasonably have found the following: (1) Maryland authorities first took custody over appellant in association with a Maryland charge on March 20, 2022; (2) his sentence for that charge lasted 297 days from that date, ending on January 11, 2023; and (3) Harris County took custody of appellant on January 25, 2023, two weeks after his Maryland sentence ended. Section 17.151 did not

5

require appellant's release on personal or reduced bond since fewer than 90 days had elapsed since he entered Harris County custody. Accordingly, we see no abuse of discretion in the trial court's conclusion that appellant was not entitled to relief under section 17.151.

We acknowledge the evidence is somewhat ambiguous as to whether section 17.151 actually entitles appellant to relief. For instance, it remains unclear as to whether fewer than two weeks elapsed between the end of appellant's sentence and Harris County taking custody of appellant, as well as whether appellant remaining in Maryland custody for a short time after his Maryland sentence ended was because of Harris County's hold. However, as indicated above, the facts available to the trial court can reasonably be viewed as supporting its ruling. Accordingly, there is no basis for this court to grant appellant the relief he seeks. *See Nicholas*, 56 S.W.3d at 765.

Although appellant argues as part of his sole appellate issue that he cannot afford bail in the amount of $180,000, we need not address this argument as article 17.151 would only grant appellant entitlement to relief if the State was not ready for trial within the statutory 90-day time frame. *Cf. Ex parte Lanclos*, 625 S.W.3d 923, 927 (Tex. Crim. App. 2021). And as has already been discussed, the trial court acted within its discretion in holding appellant was not entitled to such relief. Thus, we overrule appellant's sole issue on appeal.

## CONCLUSION

We affirm the trial court's habeas-corpus judgment.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).